BOOTH *v.* THE CINCINNATI FINANCE CO.

*Corporations—Claim against stockholder cannot be asserted against transferred shares—Transferee entitled to transfer of stock on company's books—Conversion of stock by corporation although stockholder possesses certificate— Measure of damages for conversion of corporate stock.*

1. A claim of a corporation against one of its stockholders cannot be asserted against shares of its stock which were transferred by such stockholder to an innocent transferee for value and without notice, and such claim is not a sufficient excuse for the refusal of the corporation to transfer the stock on its books to such transferee.
2. The Uniform Stock Transfer Act (Section 8673-1 *et seq.*, General Code) does not lodge the ownership of corporate stock differently than the common law, and there can be a conversion of the stock by the corporation even though the stockholder retains possession of the certificate.
3. The measure of damage in an action for conversion of corporate stock is the market value of the stock at the time the cause of action accrued.

(Decided December 17, 1923.)

ERROR: Court of Appeals for Hamilton county.

[1] Corporations, 14 C. J. §§ 1159 (Anno.), 1190; [2] Id., 14 C. J. § 1037 (Anno.); [3] Id., 14 C. J. § 1173.

*Mr. F. B. McConaughy,* for plaintiff in error.
*Mr. Herbert E. Ritchie,* for defendant in error.

HAMILTON, J.   Emmons R. Booth, the plaintiff
in error, who was plaintiff below, brought suit
against the defendant in error, defendant below,
alleging two causes of action.

The first cause of action is for the conversion
of sixty shares of stock of the defendant company,
of the par value of ten dollars per share.   The
plaintiff claimed to be a *bona fide* holder of the
stock by assignment from one R. C. McConaughy
on May 29, 1922, the assignment giving the power
of attorney to the plaintiff to transfer the stock
on the books of the company.   Plaintiff alleges that
on October 16, 1922, he presented the certificate
at the offices of the defendant company and duly
demanded the transfer thereof to his name on the
books of the company; that defendant, without
cause, justification, or excuse, wrongfully refused
to transfer the stock, thereby converting same to
its own use and depriving plaintiff of the lawful
and rightful use thereof; plaintiff further alleges
that the refusal to transfer was malicious, and
claims the reasonable value of the stock to be $840.

The second cause of action is to recover divi-
dends declared on the stock by the defendant com-
pany, and plaintiff asks judgment for $800 by
way of exemplary damages and for attorney fees
and expenses.

The answer was a general denial.

The case was submitted to the trial court on
cross motions for judgment at the close of all
the evidence.  The trial court thereupon rendered

judgment, as appears of record, finding for the plaintiff on the first cause of action, and assessing nominal damages in the sum of one cent. On the second cause of action the court found for the plaintiff in the sum of $16.50. This proceeding seeks to reverse that judgment, and plaintiff in error asks this court to render the judgment in his favor which the court below should have rendered.

The record establishes plaintiff, Booth, to have been the owner and holder for value of the stock at the time of the demand for transfer. Upon the refusal of the corporation to transfer the stock, the plaintiff, as transferee of the stock, had a choice of remedies. He could maintain an action on an implied promise on the part of the corporation, for a breach of which he could recover damages sustained by him by reason of the refusal, or he could treat the wrongful refusal to transfer as a conversion of the shares and recover damages in an action of trover for the conversion, or he could bring an action in equity to compel the transfer. 6 Fletcher Cyc. Corporations, Section 3819; *State, ex rel.,* v. *Carpenter,* 51 Ohio St., 83, 87; *Freon* v. *Carriage Co.,* 42 Ohio St., 30, 38.

The plaintiff elected to pursue the action for damages for the conversion of the stock. His ownership of the stock and demand for the transfer, and the refusal by the defendant company, establish a right to recover unless the defendant corporation offers a good excuse for the refusal, an excuse recognized in law. The only excuse disclosed by the record for the refusal to transfer is that the company had a claim against R. C.

McConaughy and sought to assert that claim against the sixty shares of stock in question. McConaughy, as heretofore stated, was the assignor of the stock. This was not a sufficient excuse for the refusal to make the transfer. Plaintiff Booth had bought the stock, was the owner of it, and, under the statute, was entitled to have it transferred. That the corporation may have thought it had a lien or claim against McConaughy involving the stock could in no wise bind the plaintiff, who was not a party to any transaction between the corporation and McConaughy. In the case of *Pattison Supply Co.* v. *Harvey,* 16 C. C., N. S., 42, the Circuit Court of Cuyahoga county held:

"It is not a good excuse for refusal to transfer certificates of stock on the books of a corporation, that the transferrer of the stock has failed to comply with a by-law of the company providing that no stock shall be transferred to a person not a stockholder until the board of directors has been offered an opportunity to purchase the stock * * *. The by-laws of a corporation cannot legally prohibit or limit the right of a stockholder to sell his stock."

This case is an authority for the proposition that the innocent transferee for value, without notice, as in the case under consideration, is not bound by claims arising between the corporation and the transferor.

It was in the evidence and was mentioned in the brief that the certificate at the time of the presentation and request for transfer did not have thereon government stamps, as required by the federal

statute, but in view of the peremptory refusal to make the transfer this proposition is without substance.

It is further argued in the brief for defendant in error that Sections 8673-1 and 8673-13 change the rule as to the ownership of stock; that under the Code a certificate is something more than the evidence of ownership, as was the rule under the common law; that under the statute the certificate is the property, and unless the defendant corporation converts the certificate it cannot be guilty of converting the stock; that under the Uniform Stock Transfer Act so long as the stockholder retains the certificate he has the title to the stock; and that plaintiff, being in possession of the certificate, still has title to the stock and there has been no conversion.

As we understand it, the Uniform Stock Transfer Act is simply a codification of the law as it heretofore existed. It provides how the transfer of the certificate shall be made, and under what circumstances, and provides that no attachment or levy upon shares of stock, for which a certificate is outstanding, shall be valid until such certificate is actually seized, etc. The Code does not in terms lodge the ownership of the stock differently than lodged by the law as it heretofore existed. We are therefore of opinion that the plaintiff below was entitled to judgment against the defendant company for the conversion of the stock; but we do not find malice justifying the exemplary damages asked for.

There remains but the question of the amount of the damage.

The evidence discloses that at the time of the presentation of the certificate of transfer and the refusal to make the transfer the stock was selling at $12 per share, par value $10. This was on October 16, 1922. From October 21, 1922, and for some time thereafter, the stock sold to the public at $14 per share.

Many states differ on the rule as to the measure of damage. In the case of *Erie Rd. Co.* v. *Steinberg*, 94 Ohio St., 189, on page 197, the court says:

"Some authorities hold that the measure of damages in such cases [of conversion] ordinarily is the value of the goods at the time of conversion, or any higher value they may have had between the time of conversion and the time of trial. That question, however, is not in this case."

This case does not decide the question.

The New York rule seems to be the market value of the stock during a reasonable time after the cause of action accrued.

In the case of *Fosdick* v. *Greene*, 27 Ohio St., 484, the court held the rule to be the market value of the stock at the time the cause of action accrued, and, if the stock was then worthless, only nominal damages could be recovered. It is argued that this rule does not apply for the reason that in the *Fosdick case* several years had elapsed between the time when the stock was worthless and when it had some value; that the stock was worthless at the time the cause of action accrued and remained worthless thereafter.

The stock in this case, while somewhat fluctuating, was not of such a fluctuating character as to call for the rule of higher intermediate value.

Under the record, the stock was worth $12 per share at the time the cause of action accrued. About a week later, it was worth $14 per share. So that the rule to apply here is the value of the stock at the time the cause of action arose, or within a reasonable time thereafter, as is the New York rule.

In the case of *Weiser, Recr.,* v. *Julian,* 15 Ohio App., 171, this court, after quoting the rule laid down in the case of *Fosdick* v. *Greene, supra,* said, at page 179:

"Neither on principle nor authority has any good reason been shown for adopting other than the Ohio rule."

We see no reason for receding from this decision. We will apply the rule of the market value of the stock at the time the cause of action accrued.

The judgment of the Court of Common Pleas will be reversed and judgment may be entered here for the value of the stock at the time the cause of action accrued, to-wit, $12 per share, together with the dividends and interest.

*Judgment accordingly.*

Cushing and Buchwalter, JJ., concur.