MORRIS et v PEARL ST AUCTION CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5565. Decided Feb. 20, 1939

Conlon & Kane, Cincinnati, for Frank Morris.

Joseph L. Meyer, Cincinnati, and Benjamin S. Schwartz, Cincinnati, for Pearl St. Auction Co.

## OPINION

By HAMILTON, PJ.

This case is here on double appeal from the Court of Common Pleas of Hamilton county, reversing a judgment of the Municipal Court of Cincinnati.

The action is one for damages for conversion of chattel property on which the plaintiff has a chattel mortgage. The conversion was established and not seriously questioned by the defendant. The defendant purchased the chattels and resold the same, and the validity of the chattel mortgage which plaintiff had upon the property is not questioned, although some question is raised as to whether or not the plaintiff's evidence was sufficient to prove this point.

The main question of law in the case is as to the measure of damage. The plaintiff introduced his evidence and rested. The defendant moved for an instructed verdict, in which motion it requested the Court to charge the jury that since the plaintiff had failed to prove any damage under the rules of law applicable, that the damages to plaintiff should be limited to one cent. The court overruled this motion, and the defendant thereupon did introduce considerable evidence as to the value of the property at the time of the conversion. Rebuttal evidence was given on the same question.

The defendant did not stand on the evidence offered by the plaintiff in making out his case as to damages, and ▉▉▉▉ did supply the necessary evidence on that question, which cured the error in the overruling of the defendant's motion for an instructed verdict.

The trial court took the view that the measure of damage was the amount of the chattel mortgage held by plaintiff. It thereupon struck the evidence out as to the market value of the property at the time of the conversion and rendered judgment for the amount due on the mortgage.

The defendant appealed to the Court of Common Pleas and sought a reversal of the judgment of the Municipal Court of Cincinnati, and urged judgment in its behalf, limiting the amount of recovery to nominal damage of one cent, as requested in its motion for a directed verdict. The Court of Common Pleas granted the motion in so far as the judgment was concerned on the question of the measure of damage, and remanded the case to the Municipal Court of Cincinnati for a new trial. From that judgment, the plaintiff appeals to this Court. The defendant likewise appeals from the refusal of the court of common pleas to enter the judgment requested.

The appeal of the defendant is without merit and will not be further considered.

The question for decision here is as to what was the measure of damage to the mortgage when the goods converted were held under a chattel mortgage?

The rule as to the measure of damage in conversion is stated in 13 O. Jur. §65, p. 141:

"The measure of damages recoverable in an action for the wrongful taking of property is ordinarily the market

value of the thing converted, fixed as of the time and place of the conversion, with interest from that date to the time of trial."

And this is the rule in Ohio as shown by the numerous cases cited in the notes.

The exceptions to this general rule are stated in the text, none of which exceptions apply to the instant case.

In the case of Erie Rd. Co. v Steinberg, 94 Oh St 189, the second and third paragraphs of the syllabus are as follows:

"2. In a suit for conversion, where the facts do not authorize the assessment of exemplary damages, the general rule for the measure of damages is the value of the property at the time of the conversion.

"3. This general rule is subject to the exception that where the property converted by the defendant to its use consists of articles for personal use, which have been used by the owner and therefore have little or no market value, the measure of damages is the reasonable value to the owner at the time of conversion."

These paragraphs of the syllabus state the rule as above quoted with the exceptions. The exceptions seem to be limited to articles for personal use, and where there is little or no market value. The evidence does not disclose any special or any personal use of the property other than the mortgage security, and does show "no market value" for the goods. The goods in question in this case consisted of household furniture. The plaintiff, however, seeks to make an exception to the general rule in this case by reason of the fact that his ownership in the property was in the form of a chattel mortgage; that the mortgage was a security for the payment of his debt. We do not think this brings the case within any exceptions to the general rule. The mortgage of the plaintiff was security for the debt. The only value in the furniture was its value as se-

curity, and the value of the security could only be ascertained by the market value of the property. The measure of damage was the market value of the furniture at the time of the conversion.

The court of common pleas was correct in reversing the judgment of the Municipal Court of Cincinnati and remanding the case. The judgment of the court of common pleas is affirmed.

MATTHEWS & ROSS, JJ, concur.