SECOND DISTRICT COURT OF JERSEY CITY.

MICHAEL ALBANESE, PLAINTIFF, v. LUCILLE INDELICATO, DEFENDANT.

Decided February 1, 1947.

For the plaintiff, *Weitz & Lasser.*

For the defendant, *Charles W. Kappes.*

SULLIVAN, D. C. J. Plaintiff and defendant were engaged to marry each other. While affianced, plaintiff gave defendant an engagement ring, a dinner ring, the sum of $50 to buy material for a wedding dress and a few minor gifts. The engagement was subsequently broken off. Plaintiff claims that the defendant broke the engagement. Defendant claims that plaintiff broke it. In any event, plaintiff wants the two rings and the money back (he has abandoned his claim to the minor gifts). Hence this suit sounding in replevin but including a count for conversion and a third count for money had and received. At the trial, plaintiff abandoned the count in replevin and the suit was tried on the theory of conversion and money had and received. *King* v. *Morris,* 74 *N. J. L.* 810; 68 *Atl. Rep.* 162.

As far as the engagement ring is concerned, the defendant had no right to keep it. An engagement ring is a symbol or

pledge of the coming marriage and signifies that the one who wears it is engaged to marry the man who gave it to her. If the engagement is broken off the ring should be returned since it is a conditional gift. True, no express condition was imposed but the law implies a condition because of the symbolic significance of the ring. It does not matter who broke the engagement. A person may have the best reasons in the world for so doing. The important thing is that the gift was conditional and the condition was not fulfilled. *Sloin* v. *Lavine*, 11 *N. J. Mis. R.* 899; 168 *Atl. Rep.* 849; *Ruehling* v. *Hornung*, 98 *Pa. Super. Ct.* 535.

The giving of the dinner ring is an entirely different proposition. True, it was given after the parties became engaged. No doubt plaintiff would not have given the ring to defendant if they had not been engaged. The dinner ring though, has no symbolic meaning and is only a token of the love and affection which plaintiff bore for the defendant. Many gifts are made for reasons that sour with the passage of time. Under the law though, there is no consideration required for a gift and it is absolute once made unless a condition is imposed. There was no express condition here and the law will not imply one as in the case of the engagement ring since the dinner ring has no symbolic meaning attached to it. Defendant was under no obligation to return the dinner ring.

As far as the $50 is concerned, the money was given to defendant to purchase material for a wedding dress and the proof shows that she used it for that purpose before the engagement was broken off. I think plaintiff has no right to have the money back from defendant.

Judgment will be entered accordingly.