IN RE APPROPRIATION OF EASEMENTS FOR HIGHWAY PURPOSES OVER PROPERTY OF BERTSCH ET AL.

(No. 187—Decided February 8, 1963.)

*Mr. Mark McElroy,* attorney general, and *Mr. John P. McDonough,* for appellant, Director of Highways.

*Mr. William E. Milligan, Mr. Eugene Elsass* and *Mr. Willis Wolfe,* for appellees.

CRAWFORD, P. J. The Director of Highways has appealed from an order of the Court of Common Pleas awarding to the owners of certain land taken by the director interest at six per cent on the amount assessed by the jury, from the time of the taking.

On August 12, 1960, the director filed his resolution and finding for the appropriation of certain lands of Francis E. Bertsch and Nellie May Bertsch. The owners appealed to the Court of Common Pleas, where the cause was heard. On September 18, 1960, the jury made its finding and assessment in the total amount of $28,266.50, of which $9,000 was fixed as the value of the land taken and $19,266.50 as damages to the residue. On September 28, 1960, judgment in the total amount of the assessment was journalized.

On the same day the landowners moved the court to incorporate in the judgment the interest above mentioned. On October 25, the court sustained the motion and ordered the interest paid.

The director appealed from this order of October 25. Neither party appealed from the judgment of September 28.

The Attorney General argues, on behalf of the director, that Chapter 5519, Revised Code, incorporates all the law of appropriation of property by the Director of Highways, and that it does not grant authority to the court to add interest to the jury's assessment; that the general law in reference to interest on judgments does not expressly include the state, which is therefore not bound by such provision. He says also that by virtue of Section 19, Article I of the Ohio Constitution, the compensation to be paid to the owner must be assessed by a jury.

It is not denied that the landowners may be entitled to have interest included as an element of compensation. The brief of the director states, in fact, that his counsel submitted a request

for a special charge instructing the jury to include interest as part of the compensation and damages, and that the request was refused by the court upon objection by the landowners.

Although we have no authenticated bill of exceptions, this statement is not challenged. It appears likewise to be agreed that the court made no mention of interest in the instructions which were given to the jury. Whether he should have done so is not now before us.

The law of Ohio is well settled that a landowner is entitled to interest on the value of the property taken and on the amount of damages to the residue, from the time of the taking. The Constitution secures this right. Section 19, Article I, provides in part:

"* * * where private property shall be taken for public use, a compensation therefore shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner."

The word "compensation" is the equivalent of the term "just compensation" in the Fifth Amendment of the Constitution of the United States. The term "compensation" contemplates payment to the owner of interest at the legal rate on the value of the property taken and on the damages to the residue from the time of taking. *Atlantic & Great Western Ry. Co.* v. *Koblentz,* 21 Ohio St., 334; *Lawrence Rd. Co.* v. *Cobb,* 35 Ohio St., 94; *Cincinnati* v. *Whetstone,* 47 Ohio St., 196; *Longworth* v. *Cincinnati,* 48 Ohio St., 637; *State, ex rel. Steubenville Ice Co.,* v. *Merrell, Dir.,* 127 Ohio St., 453; *Director of Highways* v. *Virginia Supply Co., Inc.,* 112 Ohio App., 269 (motion to certify overruled); *In re Appropriation of Easement for Highway Purposes,* 112 Ohio App., 459 (motion to certify overruled).

The only real question involved here is whether, when the jury has not been instructed upon the subject of interest, the court may later add interest to the award of the jury. Obviously, unless interest is added by the court, the owner will not receive all to which he is entitled. The value and damages are fixed as of the time of taking; necessarily, they do not at that instant include interest. But so long as these amounts are withheld from him the owner is entitled to interest thereon.

In *Longworth* v. *Cincinnati, supra* (48 Ohio St., 637), where

the city had taken property without legal process, the court, at page 647, said:

"* * * The jury having, by special verdict, fixed the value of the land at the time of the taking, the court computed the interest to the first day of the trial term, and that, added to the amount found by the jury, was the amount for which judgment was rendered * * *.

"* * * That the plaintiffs were entitled to compensation has been already found. That they could not have full compensation without the addition of interest seems clear. It would not have been error to so charge the jury, and to instruct them that it would be proper to add interest to the value found * * *. The city could have had the value ascertained at the time of the taking and could have then paid it. Failing to do this, it cannot complain at having to meet a usual incident of delay in the payment of money. The action of the court appears to us to have been an irregularity, inasmuch as the jury was there to render verdict for the whole damages. Yet we do not see that any substantial right of the city has been prejudiced, and would not feel justified in disturbing the judgment of the special term on account of this action of the court."

Inasmuch as the Constitution requires that in case of taking a compensation shall *first* be made or assessed, and the jury is called upon to ascertain the value and the damages as of the time of taking, there would appear to be some practical and scientific advantage in having the jury make its separate and combined assessments uncomplicated by interest. Its task is thus made simpler, and is more easily tested. Once the assessment has been made, the court can easily and simply ascertain the correct amount of interest by simple mathematical calculation. Yet the Constitution requires that the compensation shall be assessed by a jury, and in case of delay in payment, compensation includes interest. However, the Supreme Court says failure to have the jury include interest is only an "irregularity."

Whether or not the jury is asked to include interest in the assessment, the owner is entitled to receive it from the time he is deprived of the possession of his property. It is then that his rights are transferred from the property to the money; as long as he is deprived of its use, he has a right to interest

thereon. In the present case, because of what the Supreme Court calls an "irregularity" in failing to require the jury to render a verdict for the "whole damages," it is no longer possible to ask them to include interest in their findings. Allowance of interest by the court, therefore, is the only means by which full compensation can be awarded.

The judgment or order of the court in allowing interest from the time of taking is affirmed.

*Judgment affirmed.*

KERNS and SHERER, JJ., concur.