In re Appropriation for Hwy. Purposes of Lands of Gund
Realty Co. et al.

[Cite as In re Appropriation for Hwy. Purposes,
14 Ohio App. 2d 165.]

(No. 28754—Decided May 29, 1968.)

*Mr. William B. Saxbe*, attorney general, and *Mr. Paul
R. Matia*, for appellee, state of Ohio.

*Messrs. Hahn, Loeser, Freedheim, Dean & Wellman,
Mr. Harry C. Nester* and *Mr. Robert L. Gray*, for appel-
lant, Gund Realty Company.

SILBERT, J. This is an appeal on questions of law from a judgment in the Probate Court of Cuyahoga County.

On March 25, 1965, the Director of Highways, pursuant to Section 5519.01, Revised Code, filed a resolution and finding seeking to appropriate land and an easement over other adjacent land, all for highway purposes. Contemporaneous with such filing, the director deposited with the court the sum of forty-nine thousand sixty-five dollars, constituting the total valuation of the property being appropriated, as stated in the resolution and finding. No structures were involved, the realty consisting of land only.

On April 26, 1965, the landowner, appellant, Gund Realty Company, filed its petition on appeal from the resolution and finding.

*On July 22, 1965, the state of Ohio entered upon the premises and took possession of the lands involved.*

On September 9, 1965, the court found the appeal had been perfected.

*On February 2, 1966, the jury returned a verdict in the total amount of $50,770.*

On February 14, 1966, before judgment on the verdict had been entered, the landowner, Gund Realty Company, filed its motion for a new trial. This motion was granted at a hearing on August 19, 1966.

On August 22, 1966, the state of Ohio filed its motion for reconsideration of the motion for new trial, which reconsideration was denied on September 7.

On September 8, 1966, the state of Ohio filed its notice of appeal to this court from the order granting the landowner's motion for a new trial.

On June 29, 1967, this court reversed the trial court's order granting a new trial and ordered the trial court to enter judgment on the verdict.

On July 5, 1967, the Probate Court made its journal entry confirming the jury verdict and ordering distribution to the landowner on the basis of the verdict.

On the same date, the landowner filed a motion requesting an order that the state pay interest from July 22, 1965 (the date of the take), to the date of distribution.

On July 12, 1967, the Probate Court denied such motion and ordered the state of Ohio to pay interest on the verdict from July 22, 1965 (the date of the take), to February 2, 1966 (the date of the verdict), and also to pay interest on the excess ($1,705) of the verdict over the award initially deposited from the date of the verdict until the date such excess was actually paid into court for distribution to the landowner.

Appellant, Gund Realty Company, brings this appeal on questions of law, claiming that the trial court erred in failing to grant appellant's motion for interest on the total award from the time of the take until the date of distribution of funds.

The sole question facing this court is whether a landowner whose property was appropriated prior to the 1967 amendment of Section 5519.02, Revised Code, who declines to accept a verdict with interest to the date thereof, in order to seek a higher condemnation award through further litigation, and who fails in such attempt to increase the award, is entitled to interest from the date of the verdict until all such further litigation is at an end. (This question would not arise had the taking by the state occurred *after* such amendment, since appellant could then have withdrawn the state's deposit and proceeded with the appeal.)

It is settled in Ohio that a landowner is entitled to interest during the prosecution of an appeal by the condemnor. *Atlantic & Great Western Ry. Co.* v. *Koblentz* (1871), 21 Ohio St. 334. However, the courts are generally in agreement that, where the landowner appeals from an award, he will be awarded interest only if the verdict on appeal is greater than the award, not if it is less. 29A Corpus Juris Secundum 770, Eminent Domain, Section 176 (1) c. (1965); 30 Corpus Juris Secundum 239, Eminent Domain, Section 333 (2) d. (1965); Annotation, 36 A. L. R. 2d 337, 463-466 (1954). This rule is deeply rooted in American jurisprudence. See *March* v. *Portsmouth & Concord Rd.* (1849), 19 N. H. 372, 380.

Where, as was the case here, a landowner who appeals a verdict is prevented from withdrawing paid-in funds pending disposition of the case, he will be entitled to interest

on the total amount from the time of the take to the time of the judgment, if the verdict he recovers is in excess of the condemnation award initially paid into court. The reason is that the jury verdict establishes the amount which has been due since the date of the take, and an award deposited by the condemnor in an amount less than that finally determined to be due cannot toll the running of interest, because "a tender of part of a debt in satisfaction of the whole of it is no tender at all in law." Landowners are not under any obligation to accept an inadequate sum as complete compensation for their loss; thus, they "cannot have their claim for interest abated on account of their refusal to do so." *Alloway* v. *Nashville* (1890), 88 Tenn. 510, 530, 13 S. W. 123, 127.

"* * * the owner is entitled to receive it [interest] from the time he is deprived of the possession of his property. It is then that his rights are transferred from the property to the money; as long as he is deprived of its use, he has a right to interest thereon. * * *" *In re Appropriation of Easements for Highway Purposes over Property of Bertsch* (Shelby Co., 1963), 118 Ohio App. 285, 288-9.

Equally cogent reasoning, however, militates against the recovery of interest by a landowner who unsuccessfully seeks a verdict for a greater amount than the award offered by the condemnor:

"If landowner alone appeals and the verdict of the jury is less than the award then the condemnor should not pay interest on the award. The theory is the condemnee created the situation, failed, and should not be rewarded with interest. * * *" *Strange Bros. Hide Co.* v. *Iowa State Highway Commission* (1958), 250 Iowa 450, 452, 93 N. W. 2d 99, 100. See also, 1 Orgel on Valuation under Eminent Domain (2d Ed., 1953), 32, 33, Section 5.

It is well settled in law and in logic that the determining factor as to whether a landowner is entitled to interest on an award while the payment of such award awaits the final determination of his own appeal is the question of whether the original award being appealed from consti-

tuted "just compensation." If it did, then the condemnor has done all that it is required to do in depositing that amount, with interest from the time of taking to the date of deposit, constituting the just compensation required by Section 19, Article I of the Ohio Constitution and by the Fifth Amendment to the United States Constitution. *State, ex rel. Steubenville Ice Co., v. Merrell, Dir.* (1934), 127 Ohio St. 453, 454; *In re Appropriation of Easements for Highway Purposes over Property of Bertsch,* 118 Ohio App. 285 at 287.

Thus, if a landowner unsuccessfully appeals from either a deposit of funds by the state or a court verdict which has made just compensation available to him, any subsequent delay in obtaining payment is due to his own insistence upon payment for an amount in excess of just compensation, and the taxpayers of the state need not be burdened with the cost of such delay, since "the landowner who avails himself of his right to have his claims judicially determined must bear a burden of litigation," and such a rule is compatible with a constitutional requirement of "just compensation" for the taking of private property for public use. *Feltz* v. *Central Nebraska Public Power & Irrigation Dist.* (C. C. A. 8, 1942), 124 F. 2d 578, 585.

"* * * It is clear that a complete tender of the amount due the * * * [landowner] would have satisfied the judgment and tolled the accumulation of interest. In other words, the landowner cannot arbitrarily refuse payment and thus compel the state to pay interest indefinitely. * * *" *In re Appropriation of Easement for Highway Purposes over Property of Moore's Lime Co.* (1960), 112 Ohio App. 459, 461.

In short, it is only where the landowner has no opportunity to recover just compensation without appeal that an appeal will not hinder his ability to collect interest in full. However, where such opportunity is available by virtue of a trial judgment awarding just compensation and a deposit by the condemnor of such amount, the failure of the landowner to avail himself of that opportunity will not obligate the condemnor to subsidize such failure with un-

warranted interest payments. It is the withholding, *by the condemnor*, of just compensation that justifies interest. As stated in *Atlantic & Great Western Ry. Co.* v. *Koblentz*, 21 Ohio St. 334 at 338:

"* * * Where private property is taken by the public for its use, the constitution guarantees to the owner a full compensation. To take the property, and deposit the compensation in the hands of a public officer, *where the owner cannot reach it*, is to deprive the owner of the use of his property, without giving him the use of the compensation. It is, to take from him the *use* of his property without *any* compensation. In the light of this constitutional provision, the real parties to the transaction are the public on the one hand, and the owner of the property on the other. By its laws the public has authorized the corporation, as its agent, to take the property, and has provided that the compensation shall be withheld, in the hands of one of its own officers, after the property is taken. This, of course, necessitates a loss to some one, of the interest on that compensation. It is not just that the loss should be cast upon the owner. *The law by which the loss is occasioned is no act of his*, but an act of the public, and *he has no power to repeal or modify it, so as to avoid the loss. He is compelled to be passive*, and can only insist, as he does in this case, that compensation for his property taken by the public shall either be paid at the time it is taken, or paid with interest, or with a fair allowance for the use of the property *during the time it is withheld.*" (Emphasis added in part.)

In the instant case, the landowner was able to receive full compensation with interest to the date of the verdict, and additional interest on the balance paid in after the verdict. All further delay was due to the landowner's (appellant's) attempt to obtain higher payment for the property taken than was awarded in the verdict. In the *Koblentz case*, by contrast, the court was saying merely that, where the landowner is made unable by the state to recover just compensation for the property taken from him, he is entitled to interest until such time as just compensation is available to him. If the appellant herein had chosen

to do so, it could have received just compensation as of the date of the verdict, with interest in full. That appellant did not so choose is its own fault, not the state's.

This court dealt with the point in *In re Appropriation of Easements for Highway Purposes over Property of American Stamping Co.* (App. 1962), 23 O. O. 2d 407, 408, 182 N. E. 2d 884, 885:

"It is our finding that when property has been appropriated by the Director of Highways of the state of Ohio for highway purposes and a verdict has been returned by the jury fixing compensation to be paid to the property owner, the court may order payment of interest, at the rate of 6% per annum, upon any unpaid balance for the period from the date of the jury verdict until such time as payment is made, either directly to the property owner or to the clerk of court, in such manner that, *as far as the Director of Highways is concerned*, the clerk is authorized to release said funds making them available to the property owner. * * *" (Emphasis added.)

In the instant case, as far as appellee, Director of Highways, was concerned, the verdict on February 2, 1966, authorized the immediate payment to appellant of the $49,065 already deposited, with interest, and required deposit by the state of the $1,705 balance with interest to the date of such deposit. The delay in such release of funds was due solely to the appellant's attempt to increase the award through further litigation, which led merely to a determination by this court on June 29, 1967, that the verdict amount constituted just compensation, and to the final entry on July 12, 1967, by the Probate Court, affirming the verdict and ordering payment of interest as required by law.

Granting appellant its contention that a landowner is entitled to interest from the date of the taking until just compensation therefor is available to him, we must note that: (1) the court *did* award appellant interest on the total final verdict of $50,770 from the date of the taking until the date of the verdict, and on the portion of the verdict ($1,705) not yet paid in at the time of the verdict from the

date thereof until actually paid in; and (2) the delay in distribution of funds following the verdict, by virtue of court action in both the Probate Court and this court, resulted solely from appellant's motion for new trial, and led ultimately to an affirmation of the verdict.

In brief, then, delay was the result of appellant's attempt to procure a higher verdict than that originally rendered. Had this attempt been successful, appellant would be entitled to interest up to the date the funds were actually distributed. *Atlantic & Great Western Ry. Co.* v. *Koblentz*, 21 Ohio St. 334. However, this attempt was unsuccessful, and the verdict of $50,770 rendered on February 2, 1966, should have been accepted by appellant, who cannot now be rewarded with interest for its refusal to do so. Under the Probate Court's order, appellant could have collected $49,065 on that date, with interest in full, and would, under that order, receive the additional balance due on the verdict with interest in full up to and including the date of deposit of such balance with the court.

Having suffered from no delay other than that caused by its own refusal to accept with full interest a verdict ultimately determined to constitute just compensation, appellant has no basis for complaint. The order of the Probate Court is, therefore, affirmed, and final judgment is entered for appellee, Director of Highways.

*Judgment affirmed.*

CORRIGAN, C. J., and CANARY, J., concur.