CITY OF CINCINNATI, APPELLEE, *v.* DALE, APPELLANT, ET AL.

[Cite as Cincinnati v. Dale, 20 Ohio St. 2d 32.]

(No. 68-688—Decided November 5, 1969.)

*Mr. William A. McClain*, city solicitor, and *Mr. John P. Scahill*, for appellee.
*Mr. Gordon F. DeFosset*, for appellant.

TAFT, C. J. In a case such as this, our Constitution (Section 19, Article I), requires that "* * * where private property shall be taken for public use, a compensation therefor shall first be made in money, or secured by a deposit of money * * *."

Thus, after any such taking and until the time when "compensation therefor shall * * * be made in money" interest must be paid on the value of the property taken in order to fully compensate the one from whom the property is taken. *Bethesda Hospital Assn.* v. *Preston* (1963), 175 Ohio St 277, 194 N. E. 2d 139; *Atlantic & Great Western Ry. Co.* v. *Koblentz* (1871), 21 Ohio St. 334; and *Cincinnati* v. *Whetstone* (1890), 47 Ohio St. 196, 24 N. E. 409. See *Longworth* v. *Cincinnati* (1891), 48 Ohio St. 637, 29 N. E. 274, and *State, ex rel. Steubenville Ice Co.,* v. *Merrell* (1934), 127 Ohio St. 453, 189 N. E. 116.

In the instant case, the landowner contends that, at the beginning of the trial, there was a stipulation that the date of take was May 1, 1967. He bases this contention upon that colloquy between court and counsel at the beginning of the trial which is described in the above statement of the case. On the other hand, the city argues that that colloquy will not support a reasonable conclusion in the instant case that the parties were agreeing to go beyond their written stipulation that May 1, 1967 should be the date for approval and valuation of the property to be taken. Admittedly, the city had not taken the appropriated property before the jury rendered its verdict. The landowner was then still in possession and collecting rents from tenants. Also, there is no claim by the landowner that his property had theretofore depreciated due to any activity of the appropriating authority as in *Bekos* v. *Masheter* (1968), 15 Ohio St. 2d 15, 238 N. E. 2d 548. Hence, we agree with the conclusions of the trial court and the Court of Appeals that the parties did not intend to stipulate May 1, 1967 as the date of take but only intended to stipulate that that date should be the date for appraisal and valuation of the property to be taken.

This conclusion is fortified by the fact that the landowner did not raise any question about his right to interest before the jury was discharged, thus indicating that he did not believe there was any taking before the verdict which would result in interest being a part of the compensation to be awarded to him. He now argues that it is proper procedure to wait until the jury has been discharged and then ask the trial court to add to the jury's award interest from the date of the prior taking of the appropriated property. We realize that there are some authorities in Ohio which apparently recognize the right of a trial court to do this. See *In re Appropriation* (Shelby County 1963), 118 Ohio App. 285, 194 N. E. 2d 151, and *Longworth* v. *Cincinnati, supra* (48 Ohio St. 637, 647). However, those authorities seem to be inconsistent with our holdings in *Bethesda Hospital Assn.* v. *Preston, supra* (175 Ohio St. 277); *Atlantic & Great Western Ry. Co.* v. *Koblentz, supra* (21 Ohio St. 334); and *Cincinnati* v. *Whetstone, supra* (47 Ohio St. 196). See also 36 A. L. R. 2d 337, 468. As indicated by those holdings, interest from the time of any taking before the verdict on the value of what is taken and on any damages to the residue of what is not taken is a part of the compensation for the taking that is to be awarded by the jury. Thus, if the parties do not agree otherwise, as they did in the *Bethesda case,* the assessment of such interest should be submitted to the jury. The failure of the landowner in the instant case to ask for such submission tends to indicate that the landowner did not believe, until after the jury's verdict, that there was any stipulation as to a prior date of take which would support a claim for interest.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, HERBERT, DUNCAN and CORRIGAN, JJ., concur.
MATTHIAS and SCHNEIDER, JJ., concur in part.

SCHNEIDER, J., concurring in the first paragraph of the syllabus and the judgment. I dissent from the second paragraph of the syllabus on the ground that it states an incorrect proposition of law. A public authority has no right to stipulate a date of valuation other than the date of take. If the value is higher on a date prior to take, what law authorizes it to pay the higher value? If the value is lower on a date prior to take, no reasonable condemnee would enter such a stipulation as found herein.

The majority unnecessarily complicates the law by recognizing a separate date of valuation in addition to a date of take, a date of trial, and a date of payment.

I would affirm solely on the basis that appellant should have requested a charge to the jury on interest.

MATTHIAS, J., concurs in the foregoing concurring opinion.