LYLE, APPELLEE, *v.* DURHAM,
N.K.A. MINK, APPELLANT.

(No. C-830319—Decided
February 15, 1984.)

*Mr. Peter E. Koenig,* for appellee.
*Messrs. Cohen, Todd, Kite & Stanford* and *Mr. Michael J. Boylan,* for appellant.

BLACK, J. Plaintiff-appellee, Reginald O. Lyle, sued defendant-appellant, Donna Durham, for conversion of an engagement ring and a wedding band. The trial court granted plaintiff's motion for summary judgment for liability only. The parties stipulated that $2,000 was the value of the rings, and the trial court awarded plaintiff judgment in that amount plus interest from the date of the filing of the complaint. Defendant appeals.

Although we find that the trial court applied the proper law with respect to engagement rings,[1] we reverse, because we hold that there remains a genuine issue of material fact. Civ. R. 56.

In August 1980, plaintiff and defen-

---

[1] The trial court issued findings of fact and conclusions of law. Although these are not necessary when ruling upon a motion for summary judgment, they at least disclosed the trial court's thinking. Civ. R. 52.

dant mutually agreed to become engaged to be married and purchased a matching engagement ring and wedding band. Plaintiff paid $1,700 for the rings and defendant paid the $50 balance when she picked them up. Plaintiff kept the wedding band, and defendant publicly wore the engagement ring.

In January 1981, plaintiff broke off the engagement for reasons that are in dispute. The parties continued to see each other until August 1981, trying without success to resolve their differences, and during this period defendant kept the engagement ring. Sometime during February or March 1981, defendant stole the wedding band from plaintiff in anger. After plaintiff discovered the wedding band was missing, in November 1981, he demanded in writing the return of both rings. Defendant refused, and plaintiff filed this action against defendant in March 1982. In July 1982, defendant offered plaintiff a check for the amount of the wedding band, which he refused.

In November 1981, defendant became engaged to another man. They went to a jeweler and used the two rings plaintiff had purchased in trade for the engagement ring and wedding band that defendant now wears. Defendant states in her deposition that after plaintiff broke up with her, he told her several times that she could keep the rings.

Defendant asserts three assignments of error: that the trial court erred in granting plaintiff's motion for summary judgment, that the trial court erred in failing to grant defendant's motion for summary judgment, and that the trial court improperly awarded damages to plaintiff for prejudgment interest and for the wedding band. We hold that the trial court did err in granting plaintiff's motion for summary judgment, because there was a factual issue yet to be determined: whether plaintiff made a gift of the rings to defendant after their engagement was clearly terminated.

We will consider the first two assignments of error together. In order to determine whether the trial court erred in granting plaintiff's motion for summary judgment and in denying defendant's, we must first determine what the law is with respect to engagement rings after the engagement is broken, because there is no controlling authority in Ohio.[2]

The majority rule is that the engagement ring may be recovered by the donor if the engagement is broken by mutual agreement or by the donee without justification, but if the donor breaks off the engagement without justification, then he is not entitled to recover. Annotation, Rights in Respect of Engagement and Courtship Presents When Marriage Does Not Ensue (1972), 46 A.L.R. 3d 578; 38 American Jurisprudence 2d (1968) 886, Gifts, Section 84. In deciding whether a party has acted with "justification," the courts have traditionally had to go through the imprecise and difficult task of determining which party is "at fault." Annotation, *supra* (46 A.L.R. 3d), at 584.

In many cases, however, there is no real fault. "* * * [O]ne or both of the parties merely changes his mind about

[2] The only reported case on the issue in Ohio is *Coconis* v. *Christakis* (C.C. 1981), 70 Ohio Misc. 29 [24 O.O.3d 178], which held that donor was not entitled to the return of the engagement ring when the engagement was not terminated by mutual agreement or unjustifiably broken by the donee. The Seventh Appellate District in *Sample* v. *Livesay* (July 31, 1979), Mahoning App. No. 78 C.A. 16, unreported, held that courtship gifts made before engagement are absolute gifts and need not be returned, but that engagement gifts, or gifts made in contemplation of marriage, are conditional gifts which return to the donor if the donee refuses to carry through with the marriage. The engagement gifts in issue in *Sample* did not include an engagement ring.

the desirability of the other as a marriage partner. * * *" *Gaden* v. *Gaden* (1971), 29 N.Y.2d 80, 88, 323 N.Y. Supp. 2d 955. Because a primary purpose of the engagement period is to "* * * allow a couple time to test the permanency of their feelings, * * *" we question the wisdom of penalizing the donor for acting to prevent what may be an unhappy marriage. *Id.* at 88. The minority position is that the donor may recover the engagement ring without a determination of who broke off the engagement or who was at fault. *Albanese* v. *Indelicato* (1947), 25 N.J. Misc. 144, 51 A.2d 110. The engagement ring is a symbol of the coming marriage, given in contemplation of it. The ring is given as a unique type of conditional gift, and when the condition of marriage is not fulfilled, the ring (or its value) should be returned to the donor. It does not matter who broke the engagement or caused it to be broken; the important fact is that the ring was given in contemplation of a marriage that never came about. *Id.* We agree with this rule and conclude that in absence of an agreement between the parties to the contrary, the engagement ring must be returned to the donor upon termination of the engagement regardless of fault.

The trial court applied this rule and awarded plaintiff the value of the engagement ring, but the court ignored the open issue of whether the parties made an agreement to the contrary. Defendant states that plaintiff told her to keep the rings several times after the engagement was broken. Because reasonable minds may reach differing conclusions as to whether plaintiff gave the rings to defendant after their engagement ended, this issue must be determined by the trier of fact. It was error for the trial court to grant plaintiff's summary judgment, and defendant's first assignment of error is well taken.

Because there is a genuine issue of material fact, defendant's second assignment of error, that her motion for summary judgment should have been granted, is overruled. Civ. R. 56.

Defendant's third assignment of error is that the trial court improperly awarded damages to plaintiff for prejudgment interest and for the wedding band. Although it was improper for the trial court to award judgment to plaintiff at all, and in that respect defendant's third assignment of error is well taken, we will nevertheless consider the substance of this claim. Plaintiff's suit was in conversion, and the trial court awarded plaintiff interest from the time of the filing of the complaint. The general rule in conversion actions is that the plaintiff is awarded interest from an even earlier point, the time of conversion. *Booth* v. *Cincinnati Finance Co.* (1923), 19 Ohio App. 130, affirmed (1924), 111 Ohio St. 361; *Morris* v. *Pearl Street Auction Co.* (1939), 61 Ohio App. 452 [15 O.O. 283]. The trial court made no error prejudicial to defendant, and did not abuse its discretion, in choosing the filing of the complaint as the time from which to calculate the interest. *Cincinnati Ins. Co.* v. *First Natl. Bank of Akron* (1980), 63 Ohio St. 2d 220, 226 [17 O.O.3d 136].

Defendant also contends that it was error for the court to award plaintiff damages for the wedding band, because defendant had tendered plaintiff a check for its value, which he refused. This argument is without merit, because not only did defendant offer plaintiff a check for only part of the damages he was claiming, she also made the tender subsequent to the filing of plaintiff's action. In order for a tender to discharge the liability of a defendant, it must be made before commencement of the action by plaintiff and for a complete settlement of the claim. *Conklin* v. *Tyler* (1912), 31 Ohio C.D. 167, paragraph two of the syllabus (tender must be before action commences). In accord, *Thompson* v. *Thompson* (Colo. App. 1972), 494 P.2d 117, 119; *Levy* v. *Kurak* (M.C. 1945), 52 N.Y.Supp. 2d 304, 306. *In re*

*Appropriation for Hwy. Purposes* (1968), 14 Ohio App. 2d 165, 168-169 [43 O.O.2d 376] (tender must be for full amount).

Although the trial court applied the proper law with respect to engagement rings, a genuine issue of material fact remains. This case is reversed and remanded for further proceedings.

*Judgment reversed and cause remanded.*

PALMER, P.J., and KEEFE, J., concur.