**Phillipps v. Newsome**
*[Cite as 2 AOA 434]*

*Case No. 56724*
*Cuyahoga County, (8th)*
*Decided April 19, 1990*

*Dale F. Kainski, Esq., Hugh M. Stanley, Esq., Irene Walker-Keyse, Esq., Barry J. Miller, Esq., Kevin F. O'Neill, Esq., 1100 Huntington Building, Cleveland, Ohio 44115, For plaintiff-appellant.*

*Albert J. Biro, Esq., The Illuminating Bldg. 10th Floor Cleveland, Ohio 44113; Bruce Mandel, Esq., 900 Bond Court Building Cleveland, Ohio 44114; Thomas L. Rosenberg, Esq., 900 Bond Court Building, 1300 East Ninth Street, Cleveland, Ohio 44114, For defendant-appellees.*

*Gary L. Nicholson, Esq., 1501 Euclid Avenue Sixth Floor, Bulkley Bldg., Cleveland, Ohio 44115; Stephen M. Phillips, Esq., 1410 Peachtree Center Tower, 230 Peachtree Street, N.W. Atlanta, Georgia 30303; Lisa S. Messing, Esq., 1410 Peachtree Center Tower, 230 Peachtree Street, N.W. Atlanta, Georgia 30303; Ignatius B. Trombetta, Esq., 819 National City Bank Bldg., Cleveland, Ohio 44114; Stephen Walters, Esq., 1100 Illuminating Building, Cleveland, Ohio 44113; Thomas C. Brown, Esq., 118 St. Clair Avenue Cleveland, Ohio 44114; Frank Leonetti, Esq., The Leader Bldg., Suite 724 Cleveland, Ohio 44114; Glenn Billington, Esq., 12434 Cedar Road, #7 Cleveland, Ohio 44106, For defendant-appellees.*

PRYATEL, J.

Plaintiff-appellant Todd Phillips ("Phillips") appeals from a judgment awarding his ex-fiancee, defendant-appellee and cross-appellant herein, Patricia Newsone ("Newsone") the engagement ring and fifty per cent of the economic increase in the value of a home they purchased with Phillips' money. Specifically, Phillips contends that (1) he is entitled to the engagement ring because the engagement was mutually dissolved by the parties; and (2) the trial court's award of fifty per cent of the economic increase in the value of the home, above and beyond the purchase price, in exchange for Newsome's conveyance of her one-half interest in said property, unjustly enriches her.

Newsome cross-appeals, arguing that (1) she is entitled to more than fifty per cent of the economic increase in the value of the property, to wit: an amount of $20,400.00 which sum represents a savings resulting from a creative financing arrangement put together by Newsome's mother, the realtor on the deal, and (2) the trial court judgment must be modified in order to specify a date certain within which Phillips must comply with the order of the trial court and include a provision that Phillips must sell the house, if he decides to, at fair market value.

The facts giving rise to this appeal are as follows: Phillips and Newsome became engaged to marry in 1981. Phillips gave Newsome an engagement ring in contemplation of their upcoming marriage. Several months after their engagement, Phillips and Newsome signed an agreement to purchase a house. Phillips, alone, put a $20,000.00 downpayment on the property.

The original purchase price of the property was $114,000.00. The amount of the original mortgage, signed by both parties, was $94,000.00. A creative financing deal was arranged making it possible for the purchase of the property, whereby the prospective newlyweds would not have to pay interest for the first two and one-half years and the payments would be directly applied to the principal. Phillips made, and continues to make, each and every mortgage payment, and all bills, including gas, insurance, electricity, telephone and taxes. Moreover, Phillips has invested in excess of $30,000.00 for improvements on the house. Phillips, at one point, rented out portions of the house and used the money to pay expenses. Newsome has never lived in the house, has not made any of the mortgage payments or paid any bills, or in any way, contributed to the maintenance or improvements of the property.

Within months after the purchase of the home, the engagement was postponed, and eventually cancelled. According to Phillips' testimony, he told Newsome if she would sign her name off the deed, in return, she could keep the engagement ring. Newsome agreed. Phillips then applied for refinancing on the house. Shortly thereafter, Newsome refused to sign over her one-half interest in the property, but also refused to be liable on the note.

Newsome, in her testimony, indicates that she never agreed to take her name off the deed, and when asked about the refinancing program, responded by stating that she did not recall "some kind of program" at the bank. In fact, she stated that Phillips never asked for the ring back but told her she could keep it.

Phillips filed an action in equity in the Cuyahoga County Common Pleas Court seeking the removal of Newsome's name from the deed and legal and equitable title to the property. Newsome counterclaimed alleging, as a joint

tenant of a fee simple estate in the property, she is entitled to a one-half interest of the equity in the property and her portion of the tenant rental income.

Phillips amended his complaint, seeking return of the engagement ring on the theory of unjust enrichment.

A bench trial was had and the court found that Newsome was entitled to keep the engagement ring because of an agreement between the parties. The court further ordered Newsome to convey her right, title and interest to Phillips upon his payment to Newsome of $10,500.00, which sum represents one-half of the difference between the appraisal value of $135,000.00 and the original sale price of $114,000.00. In the alternative, the court permitted Phillips to execute and deliver a secured second lien on the property in favor of Newsome in satisfaction of this obligation, which lien shall bear interest at 10% per year on $10,500.00, and which will not extinguish Newsome's right to participate in further economic increases or decreases in the value of the realty.

A timely appeal and cross-appeal were perfected to this court.

Phillips raises for his assignments of error:

## I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT AWARDED AN ENGAGEMENT RING TO THE DONEE OF THE RING, DESPITE THE FACT THAT THE ENGAGEMENT HAD BEEN MUTUALLY DISSOLVED BY THE DONOR AND THE DONEE.

## II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED THAT A TRANSFEREE WHO RECEIVED PROPERTY SOLELY IN CONTEMPLATION OF MARRIAGE WAS ENTITLED TO THE ECONOMIC VALUE OF THE HOME, OVER AND ABOVE THE PURCHASE PRICE, ONCE THE ENGAGEMENT HAD BEEN MUTUALLY DISSOLVED.

In Phillips' first assigned error, he argues that he is entitled to return of the engagement ring. Specifically, he contends that because the engagement was mutually dissolved, he get the ring back.

There are several Ohio cases dealing with this issue.

In *Coconis* v. *Christakis* (1981), 70 Ohio Misc. 29, the court stated two ways in which a donor of an engagement ring may recover the gift: (1) only if the engagement is dissolved by agreement, or (2) if it is unjustifiably broken by the donee. The court went on to state that a gift of an engagement ring is a conditional gift and any reservations by the donor regarding the gift should be express and clearly understood by the donee *at the time of delivery. Id.* (Emphasis added).

In *Lyle* v. *Durham* (1984), 16 Ohio App. 3d 1, 2, the court held that, in the absence of an agreement between the parties to the contrary, the engagement ring must be returned to the donor upon termination of the engagement regardless of fault. *Id.*, at 3. The court reasoned that because the ring is given as a unique type of conditional gift, given in contemplation of marriage, when the condition of marriage is not fulfilled, the ring or its value should be returned to the donor. *Id.*

In *Wion* v. *Henderson* (1985), 24 Ohio App. 3d 207, the court ruled that absent an agreement to the contrary, the donee need not return an engagement ring when the donor unjustifiably breaks the engagement. The court, in this situation, must assess fault.

We find the reasoning of the court in *Lyle* persuavie. In this way, the donor is not being penalized for preventing what may be an unhappy marriage. *Lyle, supra*, at 3. Further, the court does not have to assess fault.

In this case, there is no dispute that the parties mutually dissolved the engagement. The next step is to determine whether an agreement between the parties existed. The trial court determined that Phillips and Newsome had an agreement to the contrary. Newsome's testimony revealed that Phillips told her to keep the ring, and had not asked for it back, although Phillips' testimony indicated that she was entitled to keep the ring after signing off the deed. Based on the record before us, we hold that the trial court's determination that there was an agreement between the parties which precluded Phillips from recovering the ring is supported by the record. This court also takes note that Newsome had the engagement ring for over five years before the amended complaint was filed, seeking return of the ring by Phillips.

Accordingly, appellant's first assigned error is overruled.

In Phillips' second assigned error, he argues that the trial court erred in ordering him to pay his ex-fiancee the sum of $10,500.00 in exchange for her conveyance to him of her one-half interest in the property. We agree.

The applicable standard of review is abuse of discretion. Discretion is abused when a decision is arbitrary, fanciful or unreasonable, or only when no reasonable person would take the view of the lower court. See, *Sgro* v. *McDonald's Restaurant* (1984), 21 Ohio App. 3d 41, 43; *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219. We find that the trial court's decision awarding Newsome one-half of the economic increase in the value of the property was unreasonable.

It is uncontroverted by both parties that Phillips alone put the $20,000.00 downpayment on the property. It is further uncontroverted that Phillips paid all the bills, including gas, electricity, telephone, insurance and maintenance and upkeep expenses of the property. He also paid each and every mortgage payment. Newsome did not contribute in any way, financially or otherwise, to the property. Further, it is uncontradicted that Phillips made $30,000.00 worth if improvements on the house. To the extent that Phillips made these improvements, the property appreciated in value. It would be unreasonable for Newsome to benefit by the improvements that were solely made and paid for by Phillips. Any other result is unreasonable as it would unjustly enrich Newsome.

We therefore find that the trial court abused its discretion in awarding Newsome one-half of the economic increase in the value of the property which appreciated because of Phillips' improvements. Accordingly, Phillips second assigned error is well-taken.

In Newsome's cross-appeal, she raises the following assignments of error.

## I. THE TRIAL COURT ERRED ACCORDING TO EQUITABLE PRINCIPLES IN ITS COMPUTATION OF APPELLEE'S ENTITLEMENT IN THAT SHE WAS ONLY ENTITLED TO A 1/2 SHARE OF THE ECONOMIC INCREASE IN THE PROPERTY AND NOT ENTITLED TO THE RETURN OF HER INITIAL CONTRIBUTION.

## II. THE TRIAL COURT ERRED WHEN IT DENIED APPELLEE'S POST TRIAL MOTIONS TO CORRECT AN OVERSIGHT OR OMISSION AND MODIFY THE JUDGMENT IN ORDER TO SPECIFY A DATE CERTAIN WITHIN WHICH APPELLANT MUST COMPLY AND TO SET FORTH PROVISIONS FOR ESTABLISHING A FAIR SALE PRICE.

In her first assigned error, Newsome argues that she is entitled to more than the one-half share of the economic increase in the value of the property. Specifically, she contends that she is also entitled to: a monetary recovery of $20,400.00, which sum represents interest money saved as a result of a creative financing deal arranged by their realtor, which happened to be Newsome's mother; a share in the profits of a homeowner's lawsuit, and; a share of the rental income. Newsome argues that Phillips has been unjustly enriched whereby he alone benefitted by the $20,400.00 savings which was made possible only by Newsome's participation in the purchase of the real estate.

In her argument, Newsome overlooks one basic point. Her mother, the realtor, was in this to make a commission which could only be realized through this same financing deal since the property could not have been purchased otherwise. Therefore, it was in the realtor's best interest to get the house sold and make her commission.

Further, we fail to see the logic in Newsome's argument that she, as the realtor's daughter, is entitled to economic benefits because her mother was able to obtain concessions from the seller that made the sale possible.

Based on the record before us, the trial court did not abuse its discretion by holding that these benefits enured to Phillips because he alone made all the payments.

In Newsome's second assigned error, she argues that the trial court erred when it denied her post-trial motions regarding clarification or modification of the judgment. This assignment of error is moot based upon our holding herein that the trial judge abused his discretion in awarding Newsome a share in the economic increase in the value of the property that was due solely to Phillips' improvements.

Newsome's cross-appeal is not well-taken.

In recapitulation, Plaintiff's-Appellant's (a) assignment of error one is overruled, and (b) assignment of error two is sustained and final judgment rendered. Cross-Appellant's (a) assignments of error one and two are overruled.

Accordingly, judgment of the trial court is affirmed in part and reversed in part and remanded to the trial court for proceedings not inconsistent with this opinion.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

KRUPANSKY, P.J.
NAHRA, J. Concur

(SITTING BY ASSIGNMENT: AUGUST
PRYATEL, Retired Judge of the Eighth
Appellate District)