JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Daniel Neighbor, appeals from the Bedford Municipal Court's decision granting judgment in favor of defendant-appellee, Deborah Nalepka. Finding no error in the proceedings below, we affirm.
 {¶ 2} Neighbor filed an action for replevin to obtain possession of the engagement ring he allegedly purchased and gave to Nalepka. A bench trial was held, and the trial court issued a journal entry stating the following:
 "Trial was held this 17th day of April 2007. Plaintiff and Defendant were present with their attorneys.
 "Plaintiff and Defendant began dating in 1997 and then lived together for approximately one year. Subsequently they ended their relationship.
 "In 2005 Plaintiff gave Defendant a ring of a value of $12,000.00 while on a cruise. Plaintiff and Defendant had previously been engaged twice and ended each engagement. At the time of the ending the final engagement Defendant refused to return the ring given to her by the Plaintiff.
 "It is Defendant's claim that she was unsure why she was given the ring but believed it to be a birthday present.
 "CONCLUSIONS OF LAW "The Plaintiff has [the] burden of proof in this case and must prove his case by a preponderance of evidence. At the conclusion of this case and in light of the evidence presented and the credibility of the witnesses, the Court was not convinced by a preponderance of evidence that this was an engagement ring *Page 4 which should be returned."
 {¶ 3} Neighbor appeals, advancing one assignment of error for our review, which states the following:
 {¶ 4} "The trial court's journal entry of judgment granting judgment in favor of the appellee constitutes reversible error."
 {¶ 5} In civil cases, judgments that are supported by some competent and credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. State v. Schiebel (1990), 55 Ohio St.3d 71, 74. A reviewing court must give deference to the findings of the trial court.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Moreover, evaluating evidence and assessing credibility are primarily for the trier of fact. Crull v. Maple Park Body Shop (1987), 36 Ohio App.3d 153. A trial court's decision should be overturned only when there is no competent and credible evidence that supports the judgment. Seasons CoalCo., 10 Ohio St.3d at 80.
 {¶ 6} A replevin action provides the only means to obtain possession of personal property that one has a right to possess, but is in someone else's possession. McCall v. Sexton, Jackson App. No. 06CA12,2007-Ohio-3982. In the absence of an agreement between the parties to the contrary, the engagement ring must be returned to the donor upon termination of an engagement regardless of fault. Phillips v.Newsome (Apr. 19, 1990), Cuyahoga App. No. 56724, citing Lyle v.Durham (1984), 16 Ohio App.3d 1, 2. An engagement ring is given as a unique type *Page 5 
of conditional gift, given in contemplation of marriage; when the condition of marriage is not fulfilled, the ring or its value should be returned to the donor. Id.
 {¶ 7} In the instant case, Neighbor and Nalepka testified that Nalepka went with Neighbor to pick out the setting for her diamond ring. Neighbor testified that he picked up the ring three months later and planned to propose while they were on the cruise together. Neighbor took Nalepka and her teenaged daughter Gina on a cruise in April 2005. On the last night, at dinner, Neighbor had the waiter put the ring in Nalepka's lobster dinner. When the dinner came out, Nalepka saw the box with the ring and put the ring on. Neighbor testified that he leaned over and asked Nalepka to marry him, and she nodded yes. Nalepka testified that Neighbor said nothing and that she thought it was just another gift of jewelry, possibly for her birthday. Gina testified that she did not hear the conversation between her mother and Neighbor because she was talking to the person next to her, but she did see the ring.
 {¶ 8} Both Neighbor and Nalepka testified that they were engaged twice before but had broken it off. Neighbor claimed Nalepka never returned the other two rings, but Nalepka claimed she did.
 {¶ 9} Nalepka testified that Neighbor knew she would not marry him because of his gambling and dishonesty. Yet, Neighbor testified that they were in premarital counseling at their church and submitted a copy of their premarital interview, which was dated March 17, 2005, into evidence.
 {¶ 10} According to the premarital interview sheet, they were in premarital *Page 6 
counseling and planning to marry in the summer of 2006. Nevertheless, Nalepka testified that she thought the diamond ring was a gift for her birthday, which was in two days. Neighbor testified that he had given her a Rolex watch for her birthday two weeks before the trip.
 {¶ 11} As stated previously, we must give deference to the findings of the trial court. Keeping in mind that evaluating evidence and assessing the credibility of the witnesses are primarily for the trier of fact, we find that the judgment is not against the manifest weight of the evidence. A reviewing court should not reverse a trial court's decision simply because it holds a different opinion concerning the credibility of the witnesses and the evidence submitted. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not. Accordingly, Neighbor's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
 KENNETH A. ROCCO, J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1