**DICKSON v WOLIN, Exr, etc, et**

Ohio Appeals, 9th Dist, Summit Co

No 2442. Decided Nov 27, 1934

Foust & Holden, Akron, for plaintiff.

Smoyer, Kennedy, Smoyer & Vogel, Akron, and G. A. Resek, Lorain, for defendants.

## OPINION

By WASHBURN, PJ.

This action is an action to quiet plaintiff's title against any right of defendants arising by virtue of said agreement, or in the alternative to require defendants to obey the provisions of said contract, should its terms be found to be binding upon the parties thereto or their successors.

It is an elementary rule of contracts that, upon a material breach of a contract by one party thereto, the other contracting party may, at his option, elect to rescind the contract, or continue it in force and sue for damages for the breach.

It is also fundamental that the parties to a contract may abandon the contract by mutual consent, and that such abandonment may be express, or implied from the conduct of the parties.

In the instant case there can be no doubt from the evidence that Reder and his successors, by the use they made of their property, breached the contract in suit, thereby giving to plaintiff the right to terminate the contract at his option; but such use, and the conduct of Reder in reference to rezoning, were also of such a character as to unmistakably evidence an intention on the part of Reder and his successors to abandon said contract.

The evidence also discloses that, after such use of said property by Reder and his successors, the plaintiff made a use of his property the same in character as the use made by Reder and his successors, which, if the contract had been in force, would have constituted a breach of said contract by plaintiff; and such use, together with plaintiff's failure to object to said rezoning, his contracting to sell his property for business purposes, and his bringing of this suit, constituted evidence of his acquiescence in the abandonment of said contract by the defendants.

In other words, the conduct of the parties, as shown by the evidence, was such that, in our opinion, a mutual abandonment of the contract may be properly implied.

The general rule is that, in the absence of fraud or mistake, one of the parties to a contract cannot rescind or withdraw from its performance without the consent of the other party; but where one party's failure to perform is of such a nature as to clearly indicate an intention not to further be bound by the contract and to justify the

inference that he repudiates or abandons it, such defaulter is presumed to consent to the termination of the contract if the other party so elects, and in that event such other party may maintain an action in equity to rescind the contract.

Blake v Osmundson, 159 NW 766.

Failure of both parties to perform their contract gives rise to the presumption of mutual assent to a rescission of the contract.

**Lewis v White, 16 Oh St 444.**

**Rogers v Simpson, 21 O.C.D. 103.**

**Buschmeyer v Advance Machine Co., 7 Oh Ap 202.**

Graves v White, 87 N. Y. 463.

6 R.C.L., "Contracts," §314, p. 929.

We hold that where, in a contract such as is here involved, a party to such contract breaches the same, and in doing so clearly evidences an intention to abandon and not further to perform it, the other party is entitled to rescind and to have such rescission declared and enforced by a court of equity.

Defendants further contend that to grant the relief sought would work a forfeiture, and urge that equity abhors forfeitures; but in the view we have indicated, no forfeiture is involved.

A decree may be drawn as in the Common Pleas Court, finding a mutual rescission and abandonment of the contract, and quieting plaintiff's title as against the claims of defendants and their successors, arising under the contract in suit.

Exceptions to defendants.

FUNK and STEVENS, JJ, concur in judgment.