COCONIS *v.* CHRISTAKIS.

(No. 81CV-F-192—Decided November 24, 1981.)

Belmont County Court, Western Division.

*Messrs. Sommer, Antill, Solovan & Piergallini* and *Mr. Lawrence Piergallini,* for plaintiff.

*Messrs. Costine & Costine* and *Mr. J. O. Costine,* for defendant.

WHITE, J.   This cause came on for trial upon complaint of plaintiff, Michael P. Coconis, against defendant, Virginia Ann Christakis, for possession of a diamond ring or, in the alternative, damages in the sum of $2,500.

### FINDINGS OF FACT

In August 1980, plaintiff and defendant formalized previous discussions on the subject of their marriage through the delivery by plaintiff to defendant of a diamond ring. No announcement of the engagement was made through the local print media, as is local custom, and no wedding date was set.

As was understood between the parties, both returned to their respective colleges in September, contemplating their joint return for the Thanksgiving holidays and an engagement party for formal announcement at that time.

Because of their geographic separation (she in Athens, Ohio, and he in Regina, Saskatchewan, Canada), the parties primarily communicated while in college through pre-arranged telephone calls. Defendant testified that in several of these calls prior to October 6, 1980, plaintiff exhibited an attitude

toward her calls which she perceived to be frivolous or disinterested.

On October 6, plaintiff placed a non-pre-arranged late night call to defendant. The parties dispute the substance of that conversation. Plaintiff claims defendant stated that she had "second thoughts" with respect to the marriage; defendant claims that she was too tired to carry on the conversation and requested plaintiff to call back the next evening at an earlier hour.

It is undisputed that no such call was placed by plaintiff, and no further communication occurred between the parties until May 1981, when plaintiff returned from school and demanded return of the ring. Defendant, however, subsequent to the October 6 conversation placed five additional calls to plaintiff's number. On each occasion she was advised by one of plaintiff's four roommates that plaintiff was unavailable. Defendant requested that plaintiff be given a message to return the call. Plaintiff claims that he never received any of said messages.

Neither the engagement party nor the wedding occurred. Defendant has continued to retain possession of the diamond ring.

## CONCLUSIONS OF LAW

This appears to be a case of first impression in Ohio. There is no applicable statute governing the issues at hand.

The general principle of law applied in other jurisdictions is that the donor of an engagement ring can recover the gift only if the engagement is dissolved by agreement or if it is unjustifiably broken by the donee, Annotation, 46 A.L.R. 3d 578. The burden of proving by a preponderance of the evidence the fact that the engagement was dissolved by agreement or by the donee without justification is upon plaintiff. Should plaintiff establish that the dissolution was undertaken by defendant, she would have a like burden to establish justification for her conduct.

There is no dispute between the parties herein that the ring was given in contemplation of marriage, thus placing it in the category of a conditional gift governed by the principles of law stated above.

Plaintiff argues that principles applicable to mutual rescission of a contract should govern this case, specifically that

failure of both parties to perform the contract gives rise to a presumption of mutual assent to rescission of the contract, and subsequent return to the status quo, *Dickson* v. *Wolin* (1934), 18 Ohio Law Abs. 107.

Plaintiff argues that defendant's conduct in failing to go forward with the engagement party in his absence, to formally announce the engagement, and to set a wedding date, evidenced an intention on behalf of defendant not to carry through with the marriage, thus resulting in a mutual rescission, obligating return of the ring. Even construing those facts most favorably to plaintiff, I believe he seeks their application to the relationship of the parties in too broad a perspective.

The delivery of the ring by plaintiff to defendant completed the transaction between the parties and thereafter, defendant's right to continued possession thereof was subject to defeasance only upon her failure to perform a condition subsequent. However, the condition was not the actual marriage of the parties, but rather the defendant's not performing or omitting an act, which performance or omission would prevent the marriage, *Cohen* v. *Bayside Federal S. & L. Assn.* (1970), 62 Misc. 2d 738, 309 N.Y.Supp. 2d 980.

Thus, it would not be incumbent upon defendant to continue with preparations for a wedding under circumstances in which she could reasonably perceive plaintiff's lack of interest in attending, when such conduct would not only involve pecuniary loss but emotional considerations as well. This court acknowledges that implicit in this determination is a recognition that the gift of an engagement ring is a special occasion in which the perceptions of the event by the parties and the community make the application of the quid-pro-quo principles of everyday business transactions in the commercial market less than fully determinative of the issues which arise if the marriage contemplated thereby does not result.

Plaintiff has further argued that the application of the contract provision of rescission to this transaction obligated defendant to return the ring and sue for damages to avoid the inequity of unjust enrichment to the defendant, since the value of the ring is in excess of provable damages. In addition to the reasons cited above for not applying the rescission principles to this transaction, defendant would be prevented from instituting such an action for damages by R. C. 2305.29. Fur-

thermore, by definition, a gift necessitates unjust enrichment in strictly commercial terms, since no consideration passes from donee to donor.

Plaintiff finally contends that notwithstanding the application of the principles of law discussed above, due to the fact that the ring in question was a family heirloom having been given as an engagement ring to the wives in two prior generations in plaintiff's family, "equity alone," in plaintiff's words, demands return of the ring. However, the evidence was clear that the mother of plaintiff, who was the immediately preceding donee of the ring, as well as plaintiff's father, the donor to her, knew of the gift by plaintiff to defendant, and its purpose, and acquiesced therein. No express reservation for eventual return was communicated to defendant at the time the ring was delivered. In light of the intricacies involved in determining the respective rights of parties in situations such as these, it is not unduly harsh to require that such a reservation be express and clearly understood by donee at the time of delivery of the gift.

## CONCLUSION

Plaintiff has failed to establish by a preponderance of the evidence that defendant caused the dissolution of the engagement or that the engagement was dissolved by agreement. Thus, he has failed to establish a basis for the relief demanded in his complaint and judgment is accordingly rendered for defendant.

*Judgment for defendant.*