MOONEY, APPELLANT, *v.*
GREEN ET AL., APPELLEES.

(No. 423—Decided January 6, 1982.)

*Messrs. Waite, Schneider, Bayless & Chesley* and *Mr. Charles M. Meyer,* for appellant.

*Mr. Herman G. Cartwright, Jr.,* for appellees.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Clinton County.

Now, therefore, the assignments of error having been fully considered, are accordingly passed upon in conformity with App. R. 12(A) as follows:

Appellee-landowners, executed an "exclusive selling agency contract" by which they employed appellant as their exclusive agent and realtor to procure a purchaser for their real estate and granted appellant "the sole and exclusive right to sell said real estate." The contract was executed on August 10, 1976, by appellees and accepted by appellant on that date; the termination date of said agreement was September 1, 1977.

Appellant performed some services and incurred some expenses in his endeavor to obtain a purchaser for said real estate, but did not successfully procure a buyer.

Several months after the execution of the agreement, the appellees expressed dissatisfaction with the efforts of the appellant and endeavored to unilaterally terminate or cancel the contract. The appellant rejected such proposal.

During the term of the contract, appellees, through another realtor, obtained a buyer and closed the sale of the property.

Appellant filed his complaint and jury demand seeking to recover a commission on the sale of said property. Appellant filed a motion for summary judgment, which the trial court denied, and the matter was set for trial.

On the date of the scheduled trial, for

some unspecified reason, no jury was summoned, and the trial court, from the bench, concluded "* * * it is a contractual question and it involves, as I read the file, questions of law and you are not entitled to a jury." Appellant took exception to the ruling but was required to proceed to a bench trial. The record discloses no waiver of appellant's jury demand.

The trial court, in favor of the appellees, overruled the appellant's motion for a new trial from which ruling the appellant filed a timely notice of appeal.

The trial court's ruling on appellant's jury demand is the basis for his first assignment of error, to wit:

"First Assignment of Error

"The Trial Court erred in holding that the Plaintiff was not entitled to a trial by jury."

In its entry overruling appellant's motion for summary judgment, the trial court stated:

"The only questions to be decided upon final hearing of this case are: (1) did the plaintiff comply with and perform his obligations under the contract, and, if he did not, then (2) was the contract terminated, cancelled or rescinded by the defendants."

The trial court made a factual determination of the questions posed on the motion for summary judgment.

This court believes that the trial court usurped the prerogative of the jury and effectively and prejudicially denied the appellant his right to trial by jury.

As is pointed out by the appellees, not all causes are constitutionally assured a jury trial; however, the cause *sub judice* was an action for money only and, as such, is a legal action, entitling appellant to a trial by jury. R.C. 2311.04; *Averill Coal & Oil Co.* v. *Verner* (1872), 22 Ohio St. 372.

Accordingly, we find the appellant's first assignment of error to be well taken.

For the purposes of this decision, the court will consolidate the second and third assignments of error, to wit:

"Second Assignment of Error

"The Trial Court erred in holding that as a matter of law the Defendant could terminate the contract.

"Third Assignment of Error

"The Trial Court erred in holding as a matter of law that the Plaintiff abandoned the contract."

The record on appeal establishes the execution of the "exclusive selling agency contract" by the appellees and its acceptance by the appellant; the record also indicates some effort and service by the appellant in performance of the contract.

In pertinent part, the relevant provisions of the contract provide as follows:

"2. I/we hereby employ you as my/our sole exclusive agent and realtor (broker) and hereby *grant to you the sole and exclusive right to sell,* and to procure a purchaser. * * *

"* * *

"11. In consideration of your efforts and services to procure a purchaser for said real estate, I/we agree to pay you a commission * * *. Said commission shall be deemed earned when a binding contract for sale has been executed * * *.

"12. I/we agree that you shall have the exclusive right to sell said real estate * * *, and I/we further agree that you shall be entitled to your commission if said real estate is sold or exchanged by you or by us or by either of us, or by *any other person, at a price acceptable to the undersigned, during the existence of this agency contract.*" (Emphasis added.)

The real estate was sold during the period of the contract by appellees through the auspices of another realtor or another person.

The contract herein not only employed appellant as the sole exclusive agent for sale of appellees' property, but additionally granted to appellant the sole and exclusive right to sell. It is essential to the determination of the issue raised that this distinction be recognized.

It is a basic principle that the owner of real property retains the inherent right to

sell the property himself, even during the term of employment of a broker or agent to sell it unless the broker's contract, in some manner, imposes liability upon the owner for such sale by a grant to the broker of an exclusive right to sell.

The court's syllabus in *Bell* v. *Dimmerling* (1948), 149 Ohio St. 165 [36 O.O. 505], provides as follows:

"A written instrument, signed by the owner of real estate and accepted by a licensed real estate agent, which provides in substance that in consideration of the agreement of the agent to use his efforts to find a purchaser for such real estate he shall have the exclusive right for a specified time to sell the same and if the same is sold during such time the owner will pay a stated commission, becomes a contract binding on the owner when the agent does in fact use his efforts to find a purchaser, and if the owner sells the property during the time specified, he is liable to the agent for the payment of the stated commission."

In other words, expending some effort is a condition precedent to a valid contract. That condition precedent supplies the consideration. This was recognized in *Bell*.

Judge Zimmerman in the *Bell* case further asserted:

"Although the reasoning is not always the same, most of the cases dealing with the subject hold that where a real estate agent, under the type of instrument involved in the instant case, has expended time, effort or money in attempting to secure a purchaser for the property, the consideration is supplied to make a binding and enforceable contract. * * *"

This court concludes that the contract herein was a valid and binding contract between the parties which was enforceable by appellant, if appellant made efforts in furtherance of the contract and extended services to secure a sale of the real estate and if he performed all the conditions on his part to be performed as alleged in the complaint.

There is substantial testimony in the record to support appellant's contention that he had made efforts and extended services in the performance of the contract from its inception until being advised that appellees wanted to terminate the contract because they were dissatisfied with the quality of service.

Absence of consideration to support a contract is sufficient to permit its cancellation. Valuable consideration may be either a detriment to the promisee or a benefit to the promisor. Nevertheless, courts will not inquire into the adequacy of consideration, unless the absence of consideration was such as to constitute fraud or unfair treatment. 17 Ohio Jurisprudence 3d 512, Contracts, Section 79.

Appellees did not allege fraud or unfair treatment in their answer and did not set forth any such averments with particularity pursuant to Civ. R. 9(B). We conclude, therefore, that it was not sufficient for appellees to attempt to prove inadequacy of consideration, in the absence of fraud.

*Cincinnati* v. *St. Paul Mercury Indemn. Co.* (Ohio App. 1959), 165 N.E.2d 798, noted at page 799:

"We do not have in this case the question of the right to recover on an implied contract. This contract was, so far as the matters before us are concerned, properly prepared and signed by the contracting parties. There is no claim that it was void for want of consideration or mutuality; as a matter of fact, there was consideration, but the appellant * * * now says there was not enough consideration. In such a situation we believe the general rule of law with respect to the adequacy of consideration must prevail. That rule is that consideration is not insufficient merely because it is inadequate, and unless there is a showing of fraud, the contract, which the parties have lawfully entered into, is valid."

In the instant case, the consideration was presented and is in the record. Therefore, in the absence of fraud, that

consideration was sufficient, as a matter of law, to support the contract and make it binding upon the signatories.

Appellees attempted to terminate the contract by telephone and by letter dated March 7, 1977. There is a valid legal distinction between the power to revoke a contract and the right to revoke. If appellees did not have the right to revoke, notice of cancellation or revocation would not deprive appellant of the commission if the property was sold during the original term provided in the agreement. Thus, appellees had no right, during the effective period of the contract, to revoke it unless there was good and sufficient cause to do so. 12 American Jurisprudence 2d 814, Brokers, Section 56.

The sole issue which remains for determination upon remand is whether appellant abandoned the contract. However, abandonment is a matter of intention and requires an intentional relinquishment of contractual rights, which may be implied from the conduct of the parties. Abandonment is a question of fact for the trier of fact. 18 Ohio Jurisprudence 3d 196, Contracts, Section 275. In the determination of that issue, weight must be given to the attempt on the part of appellees to cause a termination, as it applies to appellant's additional obligations, if any, from that point forward.

Accordingly, we find that the appellant's second and third assignments of error are well taken.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

CASTLE, P.J., and KOEHLER, J., concur.

HENDRICKSON, J., not participating.