**FISCHER BROS. AVIATION, INC., Plaintiff,**

v.

**NWA, INC., Northwest Airlines, Inc., and Simmons Airlines, Inc., Defendants.**

**Civ. No. 3–87–106.**

United States District Court, D. Minnesota, Third Division.

Aug. 11, 1987.

Daniel R. Shulman, George R. Wood, Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, Minn., for Fischer Bros. Aviation, Inc.

Dan K. Webb, Robert G. Foster, Cristofer E. Lord, Winston and Strawn, Chicago, Ill., and Elliot F. Kaplan, Robins Zelle, Larson & Kaplan, Minneapolis, Minn., for Simmons Airlines, Inc.

Frank J. Costello, Jayme I. Rissolo, Zuckert, Scoutt, Rasenberger & Johnson, Washington, D.C., and Paul L. Dinger, Corp. Counsel, NW Airlines, Inc. World Headquarters, Eagan, Minn., for NWA, Inc. and Northwest Airlines, Inc.

## ORDER

JANICE M. SYMCHYCH, United States Magistrate.

The above matter came on before the undersigned on July 29, 1987 upon plaintiff's motion to amend the complaint. Plaintiff and the assignees of its cause of action were represented by George Wood, Esq. Defendant Northwest Airlines was represented by Frank Costello, Esq. and Paul Dinger, Esq. Defendant Simmons was represented by Charles Lentz, Esq. and Thomas Evans, Esq.

## PROCEDURAL AND FACTUAL BACKGROUND

This action was commenced on February 17, 1987 by Fischer Bros. Aviation as plaintiff. Under various legal theories, including antitrust claims under the Clayton and Sherman Acts, Fischer Bros. asserts that it was damaged in its five-year exclusive contractual arrangement to provide certain commuter "airlink" services for Northwest, when, in 1986, Northwest merged with Republic Airlines. Simmons had a contractual commuter services arrangement with Republic prior to the merger. According to the complaint, Northwest selected Simmons as its exclusive commuter airlines, and then terminated Fischer. It also alleges that Simmons had earlier offered to purchase Fischer Bros. for $3.3 million. The offer was withdrawn, according to the complaint, in conjunction with Northwest's termination of Fischer.

On May 26, 1987, for the sum of $15,000.00, Fischer Bros. assigned its rights under this cause of action, in a formally executed agreement, to William R. Fischer, Betty L. Fischer, Montford R. Fischer and Bonita G. Fischer, who had been the sole shareholders of the corporation. The corporation was then sold exclusive of this cause of action, in a stock purchase agreement to Midway Airlines, for the sum of $2.235 million. The plaintiff here asserts a claim for $50 million in damages, as well as punitive damages and trebling under the Sherman Act. Midway Airlines, as part of its purchase of Fischer Bros., determined not to pursue the relief to which Fischer may be entitled under the lawsuit.

Pursuant to FRCP 25(c), the four Fischers, as assignees, seek to be substituted as plaintiffs. Defendants oppose the motion, challenging the validity of the assignment.

## DISCUSSION

Defendants urge that the motion be denied on the grounds that the assignees may not properly pursue the antitrust claim, that the assignment was not a valid, arms-length transaction, that the assignment fails for want of consideration, that the assignment is champertous, and that the assignment is violative of 28 U.S.C. § 1359. They assert that to allow these assignees to pursue this claim would be tantamount to allowing any stranger to purchase such a claim on the open market. They argue that the assignees today have no present relationship to Fischer Bros., and that they therefore have no legitimate interest in this litigation. They assert that Fischer Bros. as a subsidiary of Midway Airlines in its merged capacity, or in whatever capacity it presently exists, is the entity that ought to be making the decision whether to pursue the claim. In recognition of that, argues the defendants, the court should exercise its discretion to require the case to proceed in the name of the original plaintiff.

It is true that determination of a motion for substitution of parties under Rule 25(c)

146

falls within the sound discretion of the trial court. *Froning's Inc. v. Johnston Feed Service, Inc.*, 568 F.2d 108 (8th Cir.1978); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738 (7th Cir.1985). For the following reasons, the court has concluded that the motion to substitute the assignees should be granted.

First is the threshold question whether an antitrust claim, which properly belongs to the corporation, and not to its shareholders, may be assigned to former shareholders upon sale of the corporation. It is recognized that the trebling action belongs to the business entity claiming harm from unlawful antitrust activity, and that individual shareholders may not pursue such claims or recover therefore, except upon distribution of an award made to the corporation. *Peterson Motors, Inc. v. General Motors Corp.*, 613 F.Supp. 887 (D.Minn. 1985). The rationale, in part, is to prevent multiple litigation from the same incident. The problem presented here is not whether the Fischers may, as shareholders, pursue the claims, but whether as assignees, they may do so. As a matter of federal law, assuming a valid assignment, an antitrust claim may be assigned. *Health Care Equalization v. Iowa Medical Society*, 501 F.Supp. 970, 977 (S.D. Iowa 1980), and cases cited therein; and *Louisiana Farmers' Protective Union v. Great A & P Tea Co.*, 131 F.2d 419 (8th Cir.1942). In neither of those cases was the assignee a shareholder of the corporation alleged to have been wronged. But, in both cases, the assignees, as associational organizations, would not have had standing to bring the antitrust suits absent their rights under the assignment. For the same reasons, the assignees here, although once shareholders of the plaintiff corporation, are not barred by virtue of that fact, from pursuing their assigned rights. *Accord, Bonjorno v. Kaiser Aluminum & Chemical Corp.*, 559 F.Supp. 922 (E.D.Pa.1983), *cert. denied,* — U.S. ——, 106 S.Ct. 3284, 91 L.Ed.2d 572 (1986); and *Juneau Square Corp. v. First Wisconsin National Bank of Milwaukee*, 445 F.Supp. 965 (E.D.Wis.1978).

The next question presented by the parties is the underlying validity of the assignment. It is necessary to reach this issue to determine, within the meaning of Rule 25 and 17, whether the individual Fischers are the real parties in interest, whose substitution as plaintiffs should be allowed. After litigation has been commenced, any transfer of interest is governed by Rule 25. *Froning's Inc.*, at 110.

Defendants attack the assignment as a sham transaction, wonting for consideration and collusively designed to sustain the jurisdiction of the court over the federal claims. They cite *Martin v. Morgan Drive Away, Inc.*, 665 F.2d 598 (5th Cir.), *cert. denied,* 458 U.S. 1122, 103 S.Ct. 5, 73 L.Ed.2d 1394 (1982), for the proposition that the law of the state in which the assignment was made must be applied to test the validity of the assignment. The assignment here was made in Ohio, and all parties were residents of Ohio. Plaintiff has cited only Minnesota law on the subject of assignment validity.

Without making a choice-of-law determination for the case, it is quite clear that the precept of contractual consideration is the same in both Ohio and Minnesota. *E.g. C & D Investments v. Beaudoin*, 364 N.W.2d 850 (Minn.Ct.App.1985) and *Mosney v. Green*, 4 Ohio App.3d 175, 446 N.E.2d 1135 (1982). In addition, there is no requirement that the amount paid be equivalent in value to the item received under the contract. *Eg. Cedarstrand v. Lutheran Brotherhood*, 263 Minn. 520, 117 N.W.2d 213 (1962); *Baehr v. Penn–O–Tex Oil Corp.*, 258 Minn. 533, 104 N.W.2d 661 (1960) and *E.R. Moore Co. v. Ochiltree*, 16 Ohio Misc. 45, 239 N.E.2d 242 (1968). It goes without saying that there is no sure way in which to value the outstanding claim against defendants. The measurement of a particular lawsuit's worth is a subject inherently given to disagreement, and its assignment is not void or voidable merely because it is for a price less than the demand in the prayer for relief. The pursuit of a lawsuit involves sure expenditure of significant sums of money, accompanied by the risk of losing on the merits, or recovering less than anticipated. The shift of those expenses and risks in exchange for a sure

sum of $15,000.00 does not constitute the lack of consideration in this court's mind, which should void the assignment. *Cf. In re Southland Supply, Inc.,* 657 F.2d 1076, 1081 (9th Cir.1981) and *Health Care Equalization,* at 978. Defendants' additional suggestion that the transaction was less than arms' length because the principals themselves did not bargain with Midway is an equally insufficient reason to deny relief to the assignees. Many contracts are bargained for by representatives of the parties, such as attorneys, who handled the negotiation here. A contract agreed to by representatives and signed by the parties, absent some other defect, is enforceable. For these reasons, the argument that the assignment in and of itself is a defective contract are rejected.

Additionally, the argument that the assignment was designed to improperly maintain federal court jurisdiction is rejected. Defendants cite 28 U.S.C. § 1359 as a bar to the court's assertion of jurisdiction in the event of a collusive assignment. Where the jurisdiction of the court was properly invoked at the outset by the assignor, a later assignment, to one who could not have properly sued at the outset, will not create a violation of § 1359, *Health Care Equalization,* at 978.

Defendants, in their admonishment that antitrust claims ought not be traded on the market as commodities, assert that the assignment here is champertous, citing Ohio law, and *Morgan Drive Away.* In that case, at 603, the Fifth Circuit defined champerty as "officious intermeddling in a suit in which one has no interest ... maintenance with compensation derived from the proceeds of the suit." This is neither a champertous effort on the part of the assignees, nor an investment gambit by a disinterested party attempting to use this action to collect a windfall. Instead, the assignees here preserved their very real interest in the case as shareholders, up until the May, 1987 sale of the plaintiff corporation, through the assignment of the claim. Taking their allegations as true, for the purposes of this motion, it appears reasonable that they sold their company after its loss of an exclusive contract, obtaining what value they could, and retaining the rights of the corporation to collect for its diminished value and damages, by way of the assignment. The assignees here cannot fairly be referred to as strangers to the events involved in this litigation, either prior to or after the assignment.

Based upon the foregoing, the briefs and arguments of counsel, and all the files and proceedings herein,

IT IS HEREBY ORDERED that the Rule 25(c) motion to substitute the assignees of Fischer Brothers, Inc. as plaintiffs herein is GRANTED.