## Bryant v. Richfield Properties
*[Cite as 7 AOA 335]*

*Case No. 14533*
*Summit County, (9th)*
*Decided September 5, 1990*

*Robert C. Hunt, 707 Society Bldg., Akron, Ohio 44308, for Plaintiff.*

*Alexander M. Andrews, 900 Bond Court Bldg., Cleveland, Ohio 44114 and Jan L. Roller, 1700 Midland Bldg., 101 Prospect Ave. W., Cleveland, Ohio 44115, for Defendant.*

REECE, P. J.

Clifford Bryant (Bryant) appeals the trial court's judgment ordering him to comply with the terms of a prior judgment entry regarding the sale of an improved parcel of land.

### FACTS

On December 29, 1986, Bryant filed a complaint for an injunction and damages against Richfield Properties (Coliseum) and its president, Roy Jones, seeking to prohibit the Coliseum's construction of a private driveway across Coliseum land, and through the subdivision in which Bryant lives. Bryant's house is situated on Black Road in Richfield Township, northwest of the Coliseum property, which includes a 20,000 seat enclosed multi-purpose arena and attendant parking facilities. Bryant' sought to block the Coliseum's construction of a driveway providing private access to the northwest corner of the Coliseum property, claiming that subdivision deed restrictions prohibited this use.

On December 21, 1987, the parties reached a settlement, which was reduced to a judgment entry that day.[1] The entry required Bryant to place his house for sale as of March 1, 1988, until at least June 1, 1988, at a price of $200,000. The Coliseum was to pay Bryant the difference between $200,000 and any offer accepted, and also had a right to exercise first refusal to buy the house. If Bryant failed to receive an offer on the home by June 1, 1988, the Coliseum was to buy it for $200,000. In addition, the Coliseum was to immediately pay Bryant $10,000, to be retained by Bryant upon sale of the house. The Coliseum agreed to pay the real estate commission on the house upon sale to a third party, and agreed to pay court costs attending the litigation. Bryant agreed to vacate the house by June 1, 1988.

The Coliseum tendered the $10,000 and Bryant listed his home with a real estate agency. No offers were made on the property during the initial listing period. On July 5, 1988, Bryant granted the real estate agency an additional five days to list the house for sale. Again, no offers were received.

The Coliseum was later approached by the real estate agent who previously listed Bryant's house, seeking to secure the Coliseum's listing of the house. This was accomplished on July 26, 1988, with the house to be offered at $200,000 through January 26, 1989. On August 10, 1988, Mark J. and Terese McGroarty submitted an offer on the house. The Coliseum made a counter-offer, and the McGroarty's and the Coliseum eventually agreed upon a $180,000 figure on

August 19, 1988. Closing date was set for October 10, 1988.

When Bryant was made aware of the McGroarty offer, he refused the deal, maintaining that he had neither agreed to the sale nor authorized the Coliseum to solicit offers from third parties, or otherwise act as his agent. On October 12, 1988, the McGroartys filed suit against the Coliseum, Bryant, and the real estate agencies, seeking specific performance and money damages, and they also filed a motion to intervene in the instant cause.

In April, 1989, the Coliseum filed a Civ. R. 70 motion to compel Bryant to convey the property to the Coliseum. The cause was referred to the court's referee, who held a hearing and eventually recommended that Bryant be found to have breached the agreed judgment entry of December 21, 1987, and that Bryant be ordered to transfer the property to the Coliseum. The court entertained objections to the referee's report, determined that Bryant was not under any obligation to enter into the McGroarty contract, deleted the referee's finding that Bryant had breached the December 21, 1987 settlement entry, but ordered the conveyance of the property to the Coliseum by the terms of the December 21, 1987 judgment entry.

Bryant now appeals, asserting four assignments of error.

*Assignments of Error*

"I. The trial court erred in ordering a transfer of appellant's property under Civil Rule 70 where the defendant-appellee breached the judgment entry of settlement.

"IV. The trial court erred in failing to specifically find that the appellees breached the judgment entry of settlement."

Because these assignments of error are related, they are addressed together. Bryant claims that the court erred by failing to find that the Coliseum breached the agreed judgment entry, and thus could not properly order transfer of the property pursuant to Civ. R. 70.

Both parties admitted at oral argument before this court that neither had adhered to the specific terms of the December 21, 1987, judgment entry. Bryant was to list the house for sale at $200,000 from March 1, to at least June 1, 1988. Instead, he initially listed it at $225,000 from February 18 to May 18, 1988. If no offers were received by June 1, 1988, Coliseum was to tender to Bryant $200,000 to purchase the house. Bryant agreed to vacate the

house by June 1, 1988. None of these requirements were met.

The parties' agreement, as embodied in the December 21, 1987 journal entry, essentially required the Coliseum to boy Bryant's house by June 1, 1988, for $200,000, if Bryant had not earlier found an alternate buyer. June 1, 1988 came and went, with neither party performing: the Coliseum did not tender the payment anticipated, and Bryant did not tender the deed to the house.

Instead, the Coliseum eventually executed a real estate agency contract as the seller of the property, although it had no ownership interest in the property. Moreover, the Coliseum, on August 19, 1988, signed a real estate sales contract as the seller, accepting the McGroarty offer to purchase the house. Over this period, Bryant repeatedly removed the real estate agency's "for sale" sign from the property, and when informed of the McGroarty contract, flatly refused the arrangement. None of these actions were included in the December 21, 1987 agreed judgment entry, which required a June 1, 1988 execution of the agreement.

The trial court, in the present action, determined that neither party breached the agreed judgment entry, and ordered each to comply with the provisions therein. Because we find that the trial court employed an inappropriate analysis in reaching this conclusion, we reverse.

Parties to a contract may, by mutual consent or conduct, abandon a contract previously entered. Accordingly, mutual abandonment of a contract need not be express, but may be inferred from the conduct of the parties and attendant circumstances. See *Dickson v. Wolin* (App. 1934), 18 Ohio Law Abs. 107; see, also, 17 American Jurisprudence 2d (1964, Supp. 1990), Contracts, Section 484. Where one party effectively abandons a contract, the other may assent to the abandonment, and so effect a dissolution of the contract by the mutual assent of both parties; in such a case, the parties are restored to their original positions, and may neither sue for breach nor compel specific performance. *Jakober v. E. M. Loew's Capitol Theatre, Inc.* (1970), 107 R.I. 104, 265 A. 2d 429. See, *e.g., Hodges v. Ettinger* (1934), 127 Ohio St. 460.

Following June 1, 1988, neither the Coliseum nor Bryant took steps to execute the contract. Bryant did not actively seek the Coliseum's tender of the $200,000 called for by the agreement; likewise, the Coliseum did not

prevail upon Bryant to tender the deed, nor offer the agreed purchase price. Instead, the Coliseum, in August, 1988, assumed the position of seller of the property, although it had never achieved this status. Meanwhile, Bryant was busy casting aside the vestiges of this status: "the 'for sale' signs erected in his yard by the Coliseum's real estate agent." Not until October 6, 1988, by letter, did the Coliseum claim to be "ready, willing and able to pay [Bryant] the $200,000[.]" This was well past both the June 1, 1988 agreement date, and Bryant's September 1988 rejection of the Coliseum's contract with the McGroartys.

Based upon these circumstances, we find that, by their conduct, Bryant and the Coliseum mutually abandoned the terms of the December 21, 1987 agreement, and so effected a dissolution of that contract. Thus, being returned to their original positions, neither party was entitled to sue the other for breach nor compel specific performance. Accordingly, the first and second assignments of error are sustained to the extent that the trial court erred by granting the Coliseum's Civ. R. 70 motion to compel specific performance of the agreement.

### Assignment of Error II.

"The trial court erred in finding that the appellant waived any damages caused by the appellees' breach of the judgment entry of settlement."

Because we have determined that the trial court erred by considering and granting the Coliseum's Civ. R. 70 motion, this assignment of error is without support, and is overruled.

### Assignment of Error III.

"The trial court erred in ordering a transfer of appellant's property releasing the dower rights of a person not a party to the action."

Bryant did not raise this issue in the court below, and thus has waived our passing upon the same. *American Vineyards Co. v. Wine Group* (1984), 20 Ohio App. 3d 366, 369. Accordingly, this assignment of error is overruled.

### CONCLUSION

Based upon the foregoing, the judgment of the trial court is reversed, and this cause is remanded for entry of an order denying the Coliseum's Civ. R. 70 motion, and for other proceedings consistent with this decision and law.

BAIRD, J., and CIRIGLIANO, J., concur.

---

[1] The judgment entry dated December 21, 1987, is attached to this decision as the Appendix.