OPINION
On November 15, 1995, plaintiff-appellant, Linda S. Nuss, executed a six month exclusive agency contract with defendant-appellee, Henkle-Schueler Associates, Inc., to procure a purchaser for her farm of approximately one hundred thirty-four acres. There were two addendums to the agency contract. The first, dated November 15, 1995, recognized a right of first refusal in favor of Robert Hutsenpiller and provided that if Hutsenpiller exercised his right of first refusal, appellee was entitled to the full commission of six percent.
The second addendum resulted from an offer, on November 16, 1995, of an option contract to purchase the farm for $1,340,000 ($10,000 per acre) by a real estate agent acting on behalf of James M. Dixon. On November 17, 1995, appellant met with appellee regarding Dixon's offer and executed the second addendum in which the parties agreed that if the offered option contract resulted in the sale of the farm, appellee would reduce its commission to three percent, and further argued to extend the agency contract to August 15, 1996.
On November 18, 1995, Dixon's offer of an option contract was rejected by appellant. The farm remained for sale until March 29, 1996, when appellant negotiated and accepted an offer to purchase the farm from David Clinton Co. Inc., for $1,250,000. On April 17, 1996, Hutsenpiller exercised his right of first refusal and purchased the farm for $1,250,000.
Appellant filed a complaint for declaratory judgment for a determination of the parties' obligations under the agency contract, money damages and breach of contract. Appellee filed a counterclaim for $75,000, the amount of commission resulting from the sale of the farm. Appellant alleged that appellee failed to exercise its best efforts in pursuing the offered option contract and that appellee was therefore liable for the $90,000 difference between the amount in the option contract, $1,340,000, and the amount of the subsequent sale to Hutsenpiller, $1,250,000. The trial court found that appellant made a conscious decision in rejecting the offered option contract and that appellant was fully aware that the offered option contract was not a contract of sale and that there was no guaranty that the option would be exercised at that sale price. The trial court found that there was no theory upon which a reasonable trier of fact could find appellee liable for damages resulting from appellant's decision not to accept the offered option contract. The trial court dismissed appellant's claim for $90,000 and granted summary judgment in favor of appellee on its counterclaim in the amount of $75,000. Appellant argues two assignments of error; appellant's second assignment of error will be addressed first.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE UPON ITS COUNTERCLAIM.
"When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Gerdes v. Super America (Apr. 21, 1997), Butler App. No. CA96-08-171, unreported, at 4, following Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445. Summary judgment is appropriate upon a demonstration that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
Appellant argues that appellee's efforts to sell the farm did not constitute adequate consideration and that appellee is not entitled to a commission from the sale of the farm. "Absence of consideration to support a contract is sufficient to permit its cancellation." Mooney v. Green (1982), 4 Ohio App.3d 175, 177. However, when a real estate agent under an exclusive right to sell agreement "has expended time, effort or money in attempting to secure a purchaser for the property, the consideration is supplied to make a binding and enforceable contract." Bell v. Dimmerling (1948), 149 Ohio St. 165, 171.
A review of the record reveals that appellee made reasonable efforts to obtain a purchaser for the farm. These efforts included listing the farm in the Multiple Listing Service, preparation of advertising, discussion of the farm property with other realtors, builders and lot developers and responding to general and specific inquiries regarding the farm. Appellee expended time, effort and money in attempting to secure a purchaser and has therefore supplied the necessary consideration to make the agency contract binding and enforceable.
Appellant further argues that appellee abandoned its obligations under the listing contract by failing to perform certain contractual duties to exert its best efforts to sell the farm. By the terms of the agency contract, appellee is entitled to its commission unless appellant provides evidence that appellee breached or abandoned the agency contract. "Abandonment is a matter of intention and requires an intentional relinquishment of contractual rights, which may be implied from the conduct of the parties. Abandonment is a question of fact for the trier of fact." Mooney v. Green (1982), 4 Ohio App.3d 175, syllabus.
The trial court, sitting as the trier of fact, considered the evidence in regard to the abandonment issue and concluded that "in this case there are no facts presented upon which any reasonable jury could determine that the defendant abandoned the contract." Upon our review of the record, we find that the appellant has failed to produce affirmative evidence of any intention or actions on the part of the appellee indicating abandonment of its right to a commission under the agency contract.
We find no error in the trial court's granting of summary judgment to appellee on its counterclaim there being no genuine issues of material fact as to the adequacy of consideration or the abandonment of the agency contract. Appellant's second assignment of error is overruled.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Appellant alleged that appellee failed to exercise its best efforts in pursuing the offered option contract and that appellee is therefore liable for the $90,000 difference between the offered option contract and the amount of sale. The record reveals that appellant was aware that the offered option contract was not a contract of sale and that there was no guaranty that the option would be exercised. Furthermore, appellant made a conscious decision to reject the offered option contract. Therefore, we concur with the trial court that there is no theory upon which a reasonable trier of fact could find appellee liable for damages resulting from appellant's decision not to accept the offered option contract. The trial court properly dismissed appellant's claim. Appellant's first assignment of error is overruled.
The trial court's decision granting appellee's counterclaim in the amount of $75,000 is affirmed.
POWELL, P.J., and KOEHLER, J., concur.