[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The issue in this appeal is whether defendant-appellee Alva C. Stiver is liable on a personal guaranty that he signed on behalf of a business named Seafood Source. The facts, as found by the trial court, are as follows. Plaintiff-appellant Foremost Seafood, a seller of seafood products, sold products to Seafood Source. In a December 1997 credit application signed on behalf of Seafood Source, Stiver personally guaranteed payment of any obligations incurred by the company. In January 1998, after Stiver paid arrearages on debts owed by Seafood Source, Stiver told his banker to recommend to Foremost Seafood that all future deliveries should be sent C.O.D. Foremost Seafood complied with Stiver's recommendation for a few months, and as late as March 15, 1998, Seafood Source's account balance was zero. But things changed after March 15 when, unbeknownst to Stiver, Seafood Source began accruing more debts (apparently because Foremost Seafood again started selling products to Seafood Source on credit).
Ultimately, Foremost Seafood brought suit for payment of the debts. The suit was filed against Stiver and Bill Meltzer, who had also signed personal guaranties on behalf of Seafood Source, including one on March 26, 1998, when the company had entered into a new sales agreement with Foremost Seafood. After a bench trial, the court concluded that Stiver was liable for $3102.46, but that he was not liable for other debts. According to the court, Stiver's personal guaranty had been abandoned as of March 27, 1998, and he was not liable for any debts incurred after that point. (The court also granted a default judgment against Meltzer, but this appeal does not involve him.)
In Foremost Seafood's appeal, it argues that the trial court improperly concluded that Stiver's personal guaranty was abandoned. Although Foremost Seafood does not assert an assignment of error, we perceive the appeal to assert that the court's judgment was against the manifest weight of the evidence. We disagree and affirm the judgment of the trial court.
In cases involving the termination of guaranties, the general rules of contracts apply.[1] A general principle of law is that parties to a contract can terminate, or abandon, the agreement by mutual consent. The termination may be expressed or implied from the conduct of the parties.[2] Here the trial court determined that Stiver's guaranty was terminated as of March 27, 1998. The court arrived at this conclusion based on its findings regarding the conduct of the parties. Specifically, it based its judgment on the fact that Stiver had recommended that future shipments be sent C.O.D., that Foremost Seafood had sent a note confirming Stiver's recommendation, that Foremost Seafood had sent shipments C.O.D. for a period of time, that Foremost Seafood had not contacted Stiver when it stopped shipping C.O.D., and that, on March 26, Foremost Seafood had entered into a new sales agreement with Meltzer as the guarantor.
Based on our review of the record, we conclude that the court's judgment was not against the manifest weight of the evidence. It was reasonable for the court to determine that, when Stiver recommended that future shipments be sent C.O.D., he intended to be released from any debts based on future credit extended to Seafood Source. In view of the court's findings concerning the actions that Foremost Seafood took after Stiver made his recommendation, we conclude that it was not against the manifest weight of the evidence for the court to determine that, as of March 27, the day after Meltzer signed his own personal guaranty, Foremost Seafood consented to Stiver's intent to terminate his guaranty.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See 38A Corpus Juris Secundum (1996) 578-580, Guaranty, Section 39.
[2] Dickson v. Wolin (1934), 18 Ohio Law Abs. 107, 108; see, also,Mooney v. Green (1982), 4 Ohio App.3d 175, 178, 446 N.E.2d 1135,1139 ("abandonment is a matter of intention" and a "question of fact").