BROWN et al., Appellees,

v.

KING et al., Appellants.

[Cite as *Brown v. King*, 170 Ohio App.3d 745, 2006-Ohio-6982.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060187.

Decided Dec. 29, 2006.

Droder & Miller and Donald A. Lane, for appellees.

Statman, Harris & Eyrich, L.L.C., Alan J. Statman, and Brian Giles, for appellants.

---

MARK P. PAINTER, Judge.

{¶ 1} This case involves neighbors and the ownership of a 10–foot–by–80–foot strip of land between their properties. The trial court granted summary judgment, holding that there was no consideration to support a contract requiring transfer of the strip. But there was, so we reverse.

## I. Is There a Contract?

{¶ 2} In 2001, the estate of Josephine Hopkins wanted to sell two adjoining real-estate parcels—1120 Richwood Ave. and 4912 LeBlond Ave. The original house was on the Richwood parcel. The LeBlond parcel was an undeveloped lot.

{¶ 3} The estate told the selling real-estate agent that the Richwood property and house needed to be sold and closed on before the LeBlond property. Because the properties were in an affluent neighborhood, the estate believed the undeveloped land would be desirable for new construction.

{¶ 4} Defendant-appellants Joel and Sandra King first viewed the Richwood property in the fall of 2001. Before deciding to buy the property, they wanted to determine the cost and feasibility of renovating and expanding the existing house. The Kings had plaintiff-appellee Gene Barber, an architect, prepare some drawings and outlines depicting how an addition might fit on the property.

{¶ 5} When Barber went to look at the house, he noticed and became interested in the adjoining lot. Joel King stated in his deposition that because of the interest the lot was generating, Barber and he believed that it would be advantageous for an offer to come from both of them. So, as the Kings decided to buy the Richwood property in December 2001, Barber and Joel King also offered to buy the undeveloped parcel.

{¶ 6} Joel King and Barber signed an agreement. It read, "At closing Joel King will release all rights to the property know [sic] as 4912 LeBlond Ave., Cincinnati Ohio 45208 (parcel ID# 0200001002200). In exchange, Gene Barber will convey a 10' × 80' section at the rear of the parcel adjoining the two lots to Joel King for ($1) one dollar. Joel King will be responsible for ALL expenses related to the transfer of this parcel."

{¶ 7} Joel King stated that he had believed the purpose of this agreement was "to make sure that there [were] no competitive bid scenarios because it was relatively understood that if it had gotten into a situation like that, Mr. Barber might not have been successful in buying the land." Essentially, by lending his name to the offer, Joel King believed the estate would be more willing to entertain a joint offer to purchase both properties.

{¶ 8} After submitting the first offer, Barber submitted another offer dated the same day, substituting plaintiff-appellee M. Ray Brown for Joel King. (While both offers were dated December 12, 2001, the first offer was signed by Joel King and Barber on December 17, and the second offer was signed by Barber and Brown on December 17 and December 28, respectively.) The addendum to the second offer stated that the "above mentioned contract is amended and Joel M. King is not a part of the transaction." Joel King also signed the second offer on December 28. Neither King nor Barber was then represented by legal counsel, and the addendum was on the real-estate agent's letterhead.

{¶ 9} Interestingly, the estate signed both offers and accepted $1,000 in earnest money. Despite two valid contracts for the undeveloped lot, the second offer of Barber and Brown was the contract that went to closing in February 2002.

{¶ 10} Joel King said in his deposition that he did not intend to have a possessory interest in the undeveloped lot. He simply wanted insurance in case he needed the rear strip of land for a setback to avoid needing a variance for his house addition.

{¶ 11} Ultimately, the Kings decided to use a different architect than Barber. And the Kings expanded and renovated the Richwood property differently than Barber had suggested in his preliminary drawings. The new addition and renovation did not need the rear strip of land to comply with municipal setback provisions. But that strip was needed because a portion of the Kings' existing driveway encroached on the adjoining property. (We question why the estate would have subdivided a property into two parcels where the driveway of one encroached on the other parcel—but that would be another issue.)

{¶ 12} In July 2005, both after the Kings had completed their renovations and after Barber and Brown had built their new house on the LeBlond parcel, Barber

and Brown decided to erect a fence along the property line. The Kings became upset that Barber and Brown did not place the fence ten feet inside the rear property line to account for the 10' by 80' strip.

{¶ 13} While the Kings have not yet taken any steps to have that strip of land recorded as part of their property, they believe they have contracted for it. They wish to have the strip transferred and want the fence encroaching on their driveway moved. Barber and Brown do not believe there was an enforceable contract for that portion of the property. The trial court agreed with Barber and Brown, granted summary judgment in their favor, and denied the Kings' cross-motion for summary judgment. In so doing, the trial court held that there was no contract between the Kings and Barber and Brown because there was no consideration—Barber and Brown had received no benefit, and there was no detriment to the Kings. The trial court also held that the contract was not ripe for execution because a condition precedent had not been met—the Kings did not hire Barber as the architect for their expansion and renovation.

{¶ 14} But Joel King had agreed to give up his right to purchase the lot—the right he had under the first contract—by a separate agreement that required Barber to convey the 10' by 80' strip of land. That looks like consideration. And we cannot look beyond the four corners of an unambiguous contract to decide whether it contains a condition precedent.

## II. Consideration

{¶ 15} In their first assignment of error, the Kings argue that the trial court erred in granting summary judgment for Barber and Brown. We agree with the Kings that there was a valid contract.

{¶ 16} We review summary-judgment determinations de novo, without deference to the trial court's ruling.[1] Summary judgment should be granted only when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can only come to a conclusion adverse to the nonmoving party, when viewing the evidence in the light most favorable to the nonmoving party.[2] A party moving for summary judgment bears the initial burden of showing that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[3]

---

1. See *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 738 N.E.2d 1243.

2. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

3. See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

{¶ 17} The elements of a contract include an offer, an acceptance, contractual capacity, consideration (the bargained-for legal benefit or detriment), a manifestation of mutual assent, and legality of object and of consideration.[4] The issue in the present case is whether there was consideration for the contract.

{¶ 18} The Ohio Supreme Court has long recognized the rule that a contract is not binding unless it is supported by consideration.[5] Consideration may consist of either a detriment to the promisee or a benefit to the promisor.[6] A benefit may consist of some right, interest, or profit accruing to the promisor, while a detriment may consist of some forbearance, loss, or responsibility given, suffered, or undertaken by the promisee.[7]

{¶ 19} In the present case, the contract between Joel King and Barber was supported by consideration. Joel King had a valid contract with Barber to purchase the LeBlond parcel. The estate signed both offers and accepted $1,000 in earnest money. Thus, the contract where Joel King agreed to release all his rights to the LeBlond property in exchange for Barber's transferring a strip of land at the rear of the parcel was valid. The detriment to the promisee (Joel King) was his surrender of his property rights secured by the purchase contract. The surrendering of these rights in exchange for the rear strip of land was a contract supported by consideration.

{¶ 20} And when "a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined."[8] The contract in the present case was clear, and there was no need to decide whether a condition precedent existed.

{¶ 21} There were no material facts in dispute. The Kings contracted for the rear strip of land and provided consideration by surrendering their remaining property rights in the LeBlond parcel. Thus, the trial court erred by granting summary judgment for Barber and Brown. Summary judgment should have been granted to the Kings because the contract provided them with the property rights to that rear strip. The Kings' first assignment of error is sustained.

---

4.  See *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, at ¶ 16.

5.  See *Judy v. Louderman* (1891), 48 Ohio St. 562, 29 N.E. 181, paragraph two of the syllabus.

6.  See *Irwin v. Lombard Univ.* (1897), 56 Ohio St. 9, 19, 46 N.E. 63.

7.  Id. at 20, 46 N.E. 63. See, also, *Brads v. First Baptist Church* (1993), 89 Ohio App.3d 328, 336, 624 N.E.2d 737; *Nilavar v. Osborn* (1998), 127 Ohio App.3d 1, 15, 711 N.E.2d 726; *Mooney v. Green* (1982), 4 Ohio App.3d 175, 177, 4 OBR 276, 446 N.E.2d 1135.

8.  See *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 474 N.E.2d 271.

{¶ 22} Accordingly, we reverse the trial court's grant of summary judgment in favor of Barber and Brown and remand this case so the trial court can enter summary judgment in favor of Joel and Sandra King.

Judgment reversed<br/>and cause remanded.

HILDEBRANDT, P.J., and SUNDERMANN, J., concur.